PLAZA MANAGEMENT Co., Respondent, *v.* CITY RENT AGENCY, Appellant.

CLINTON HILL ASSOCIATES, Respondent, *v.* CITY RENT AGENCY, Appellant.

First Department, March 13, 1969.

*Godfrey R. de Castro* of counsel (*Harry Michelson* with him on the brief; *Gerald J. Turetsky,* attorney), for appellant.

*Robert S. Fougner* of counsel (*McLaughlin, Fougner & Messing,* attorneys), for Clinton Hill Associates, respondent.

*Per Curiam.* The two actions involve identical questions relating to different properties. For purposes of discussion, only one will be referred to, but the conclusions reached apply to both.

The complaint seeks a judgment declaring unconstitutional the city rent law, particularly as amended pursuant to Local Law No. 41 of the City of New York of 1967. Defendant city rent agency moved to dismiss the complaint and alternatively to make the complaint more definite and certain. Special Term found that the complaint was objectionable as to form, as it undeniably is. The branch of the motion requiring a new pleading was granted. Dismissal was denied on the ground that the

complaint presented factual questions. We do not find any such questions.

The facts alleged are that on February 1, 1959, plaintiff purchased a building located at 205 East 78th Street for approximately $2,695,000. Thereafter plaintiff brought a proceeding for an adjustment of rent pursuant to section 33.5 of the City Rent, Eviction and Rehabilitation Regulations. In that proceeding plaintiff pursuant to the rent law, then in effect, sought to have the purchase price rather than the assessed value on the tax rolls used as a basis for calculating its net return. The application was successful. Two similar applications at later dates were also successful. All of the statutes under which plaintiff had proceeded in these proceedings had cut-off dates, that is, they provided for use of the purchase price only if the property had been acquired subsequent to the date fixed in the statute. The cut-off date in effect on the first application was March 15, 1953. On the two subsequent applications, pursuant to amendment enacted in 1961, the date was changed to March 15, 1957. In 1967, administration previously having passed to the city, a like amendment was enacted changing the cut-off date to February 1, 1961. As a consequence, in a proceeding for a further increase plaintiff was denied the use of the purchase price as a base and was relegated to the assessed value, which was substantially lower.

Two grounds for the claim of unconstitutionality are asserted. The first is that there was no necessity for the amendment in that the statute superseded served the general purpose of rent control laws in preventing the exaction of unjust, oppressive or unreasonable rents, and the amendment added nothing to it. The mere statement of this claim is its own refutation. It is no constitutional objection to a piece of legislation that existing law already adequately covered the situation.

The second objection is that it deprives the plaintiff of a reasonable return. Deprivation is spelled out in two ways: first, because under prior statutes the larger base figure representing the purchase price was usable; and, second, because prior adjudications under those statutes fixed a value on which a just return was to be calculated. No question of fact is here presented. The essential allegations — that the earlier statutes in this instance allowed the purchase price to be used; that it was so used; that the present statute prevents such use; and that a return based on the assessed value under the existing assessment will be less than one based on the purchase price—are all facts

which are not in dispute. And there are no other facts necessary for decision.

Obviating the paradox of a perpetual emergency, not here questioned, the right of the Legislature to control rents is no longer open to challenge. Nor is the method of accomplishing this result by freezing rents as of a given date. Relief against hardship arising from this method is only mandated where the hardship amounts to deprivation — not a reduction in income per se but only such a reduction which in practical effect can be equated with a taking of the property. There is no constitutional guarantee of the preservation of the return on any property short of the limitation indicated (*Bucho Holding Co.* v. *State Rent Comm.,* 11 N Y 2d 469).

In fixing the conditions under which hardship can be relieved the Legislature has always put limitations on the instances in which the purchase price may be used as a base. Among these has always been a requirement that the sale be one within a period reasonably close in time to the application. Such a restriction is hardly questionable. Nor can it be questionable that the legislative body can itself fix the period that is reasonable instead of leaving it to the authority, the courts or anyone else. Barring a determination which is patently unreasonable, such a legislative finding is final. As the passage of time changes a date from current to stale, the cut-off date may so reflect. The fact that there have been applications at times where the sale was reasonably close to the cut-off date does not operate to give a vested interest in that cut-off date.

The proper method of disposition of a motion to dismiss an action for a declaration, once mooted, now seems assured. Where there is no right to a declaration under the facts alleged, dismissal is called for (see *Garcia* v. *MVAIC,* 18 A D 2d 62). If a right to a declaration is shown but depends on contested facts, the case should go to trial even though a particular declaration sought would not be warranted (*Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45). The constitutionality of a statute is often such a question (*Dun & Bradstreet, Inc.* v. *City of New York,* 276 N. Y. 198) and where factual issues are involved the complaint may not be dismissed (*Teperman* v. *Amron,* 7 A D 2d 857). Absent issues of fact, the court, on an application to dismiss, should deny the motion to dismiss and should then declare the rights of the parties (*St. Lawrence Univ.* v. *Trustees of Theological School,* 20 N Y 2d 317, 325).

The order denying the motion to dismiss the complaint should be modified on the law to include a declaration that the amend-

ment to the rent law embraced in Local Law No. 41 of the Laws of 1967 is constitutional, and directing entry of judgment to that effect, with costs to the appellant.

NUNEZ, J. (dissenting). Respondent Plaza Management Co., the owner of a rent-controlled apartment house located at 205 East 78th Street, Manhattan, and respondent Clinton Hill Associates, the owner of 12 buildings located at 201 Clinton Avenue, Brooklyn, seek a declaratory judgment to declare unconstitutional and enjoin enforcement of a 1967 amendment to the city rent law to the extent it denies use of a previously accepted and approved bona fide sales price as the valuation base in a 6% return proceeding. The challenged amendment outlaws any purchase price which closed prior to February 1, 1961, irrespective of whether such valuation was previously approved, and requires adoption of assessments as the valuation base. This would reduce the valuation base of the Plaza property from $2,695,000 to $2,150,000 and the Clinton property from $13,161,000 to $10,510,000.

Both respondents likewise challenge as unconstitutional the failure of the statute to authorize any alternative valuation base other than the assessment. In addition, respondent Plaza challenges the failure of the city rent law to provide for the recoupment of increased real estate taxes.

The majority would declare constitutional the city rent law as amended pursuant to Local Law No. 41 of the City of New York of 1967 in the face of a complaint which alleges

(1) that the amendment of 1967 updating eligible purchase price valuations had no rational basis;

(2) that confining valuation bases to assessed valuation or to a recent purchase price is a taking of property without due process;

(3) that absence of special provisions for recoupment of increased taxes is a taking of property without due process.

The complaint does not challenge the right of the Legislature to control rents; nor is the method of control by freezing rents as of a given date questioned. Plaintiffs' complaint, which at this stage we must accept as true, alleges that the method attacked is a taking of property without due process.

Giving plaintiff the benefit of every allegation of the complaint there is presented an elementary question of fairness and confiscation. I agree with Justice TIERNEY that it is clear that substantial issues exist concerning the propriety and constitutionality of the law attacked. For the foregoing reasons, I dissent and vote to affirm both orders.

STEUER and BASTOW, JJ., concur in *Per Curiam* opinion; McNALLY, J., concurs in result; NUNEZ, J., dissents and votes to affirm in opinion, in which CAPOZZOLI, J. P., concurs.

Orders entered August 15, 1968, modified, on the law with $50 costs and disbursements in each action to the appellant, to include a declaration that the amendment of the rent law embraced in Local Law No. 41 of the Laws of 1967 is constitutional, and the Clerk is directed to enter judgment declaring that the amendment of the rent law embraced in Local Law No. 41 of the Laws of 1967 is constitutional.