OPINION OF THE COURT

Per Curiam.

Final judgment entered January 22,1981 affirmed, with $25 costs.
Tenant has been residing exclusively in his “photographic studio” loft since he took possession in December, 1977. Upon the expiration of the lease term on December 14, 1980, petitioners brought this holdover proceeding to recover the premises. At least two other residential loft tenants occupy floors in the six-story structure. Trial Term properly concluded that the tenant is a covered person under chapter 889 of the Laws of 1980, not subject to peremptory eviction at the termination of his lease (L 1980, ch 889, §6, subd b). The subject dwelling unit is located in a multiple dwelling, as defined in subdivision 7 of section 4 of the Multiple Dwelling Law, and rent has been accepted from this tenant for a period well in excess of *485 three successive months (L 1980, ch 889, § 6, subd a). Also, tenant’s rental agreement expired subsequent to the qualifying date of June 11, 1980 (L 1980, ch 889, §9).
We do not perceive any constitutional infirmities in chapter 889. That chapter represents remedial legislation enacted for the purpose of halting the summary eviction of tenants residing in former commercial lofts (Gordon & Gordon v Madavin, Ltd., 108 Misc 2d 349). It is but a limited extension of rent regulation to a class of housing stock not specifically encompassed by pre-existing emergency rent legislation. In exercising the police power to provide for the general welfare, the State may reasonably regulate the use of private property, notwithstanding the curtailment of private property rights (see Modjeska Sign Studios v Berle, 43 NY2d 468, 474-475). It has long been settled that State ordinances affecting housing enacted pursuant to a declaration of public emergency do not constitute a deprivation of property without due process or an arbitrary use of the police power (Teeval Co. v Stern, 301 NY 346, 362; Israel v City Rent & Rehabilitation Admin. of City of N. Y., 285 F Supp 908; Plaza Mgt. Co. v City Rent Agency, 25 NY2d 630; 8200 Realty Corp. v Lindsay, 27 NY2d 124; Stoneridge Apts., Co. v Lindsay, 303 F Supp 677). The legislative findings contained in section 1 of the act under review (L 1980, ch 889) note the many tenants in the City of New York now living in buildings formerly occupied for commercial purposes as a result of the “acute shortage of rental dwelling units” within the city; the “serious public emergency” which exists with respect to housing in the city; “and that in order to prevent uncertainty, hardship and dislocation, the provisions of this act are necessary and designed to protect the public health, safety and general welfare.” A legislative enactment carries with it a strong presumption of constitutionality, i.e., it is presumed to be supported by facts known to the Legislature (Lincoln Bldg. Assoc. v Barr, 1 NY2d 413). The record before us does not even raise an arguable question as to the existence of such an emergency and the need for rent regulation as to loft space. We therefore may not assume that the Legislature’s action was capricious, “or that, with its informed acquaintance with local conditions *486 to which the legislation is to be applied, it was not aware of facts which afford reasonable basis for its action.” (Lincoln Bldg. Assoc. v Barr, supra, p 420.)
Concur: Dudley, P. J., Hughes and Asch, JJ.