■ ELECTRONIC DATA SYSTEMS CORPORATION, Respondent, v XEROX CORPORATION, Appellant. [709 NYS2d 46] —Order, Supreme Court, New York County (Barry Cozier, J.), entered December 22, 1999, which granted defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss plaintiff's causes of action for breach of contract, breach of the covenant of good faith and fair dealing and unjust enrichment to the extent of dismissing

the causes of action for breach of the covenant of good faith and fair dealing and unjust enrichment, and, insofar as appealed from as limited by defendant's brief, did not address the cause of action for declaratory judgment, unanimously affirmed, with costs.

There was no reason for the IAS Court to address the declaratory judgment cause of action since defendant's motion to dismiss only sought dismissal of plaintiff's three other causes of action. " '[I]t is not uncommon for courts to pass over in silence exceptions not brought to their notice by counsel.' " (*Telaro v Telaro*, 25 NY2d 433, 438, quoting *Cohn v Goldman*, 76 NY 284, 287.) In any event, a declaration as to whether the parties' amendatory agreement abrogated defendant's right in the initial agreement to terminate certain specified services that plaintiff was to perform for defendant should not, and indeed cannot, be made at this preanswer stage of the action. Since defendant does not challenge on appeal the IAS Court's finding that an issue of fact exists as to whether defendant gave proper notice of its election to terminate the subject services, then, even if this Court were to declare in defendant's favor that its right to make such an election was carried over into the amendatory agreement, the controversy would not be ended. A declaration should not be made where it results in trying a controversy piecemeal (*see, Smith v Western Union Tel. Co.*, 276 App Div 210, 213, *affd* 302 NY 683). The issue of whether defendant has a right to terminate should be taken up after joinder of issue since issues of fact exist as to whether defendant's right to terminate was carried over into the amendatory agreement (*see, Plaza Mgt. Co. v City Rent Agency*, 31 AD2d 347, 350, *affd* 25 NY2d 630). Such issues are raised by the pricing provisions of the amendatory agreement, a complex scheme that refers to various outside memoranda and is itself unclear, but, for present purposes, appears to provide for an increase in the price of the services in issue after giving defendant an initial discount. Concur—Williams, J. P., Ellerin, Wallach and Rubin, JJ.