ROLAND R. JONES, Respondent, v. JAMES P. GIANFERANTE, Appellant. ROBERT J. BENEDICT et al., Interveners, Appellants.— Appeal from an order of Chenango County Court, in a summary proceeding, evicting the tenant-appellant from certain premises occupied as a bowling center, on the ground the tenant's lease had expired and had not been effectively renewed in accordance with its terms. The renewal clause in the lease reads: " The term of this lease shall be for ten years, commencing October 1, 1941, and ending October 1, 1951. Second party is to have the option at the expiration of this lease to renew the said lease in the following manner: The option is to extend for an additional period of ten years and is to be exercised annually thereafter if the party so desires to continue the lease, by giving a written notice to the party of the first part on or before the first day of September of each succeeding year." Tenant-appellant served a written notice of election to renew the lease on September 13, 1951. The original lease expired on October 1, 1951. The trial court has held that the lease is ambiguous, but has, nevertheless, held that the option to renew was not effectively exercised because the notice thereof was not given prior to September 1, 1951. The language of the renewal clause could readily be construed to give the tenant the right of renewal for an additional ten-year period " at the expiration of this lease." However, even if construed otherwise, we think it is abundantly clear that the parties intended the privilege of a renewal period of at least an additional ten years, and the delay of twelve days in giving notice of election to renew should not result in a forfeiture by the tenant of his substantial investment in the premises when the landlord has not been prejudiced by the delay. Especially should this be so when the failure to give notice was due to an honest mistake in construing the terms of a lease which is at best ambiguous. (*New York Life Ins. & Trust Co.* v. *Rector of St. George's Church,* 64 How. Prac. 511; *Matter of Topp,* 81 N. Y. S. 2d 344.) Having effectively exercised his right to renew, the tenant was not holding over after the expiration of his term, and this proceeding should have been dismissed. The order is reversed on the law and facts and the proceeding dismissed, with $50 costs to the tenant-appellant, and with printing disbursements to the interveners. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur. [201 Misc. 69.]