■ COLLEEN WELCH, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 62679.) EDSEL J. WELCH et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 62720.)—Appeal from a judgment of the Court of Claims, entered April 9, 1979, which dismissed claimant's claim and that of her parents on the ground that said claims failed to state a cause of action. On October 27, 1977, at about 8:00 P.M., Colleen Welch, then 16 years old, was assaulted by Freddie Lee Davis, a parolee from Clinton Correctional

Facility. Claimant alleges that Davis struck her with a piece of lumber and threw her into the Saranac River, thereby causing her to sustain permanent injuries. Her claim[1] alleges that the assailant had a history of violent, antisocial and deviant behavior and had been incarcerated for viciously attacking and raping young women. Therefore, the claim asserts, the State was negligent in paroling Davis and in failing to supervise him as a parolee. The judgment dismissing the claimant's claim and that of her parents for failure to state a cause of action (CPLR 3211, subd [a], par 7) must be affirmed. We have previously held that while former section 212 of the Correction Law[2] does not cloak the actions of the Board of Parole[3] with complete judicial immunity in the release of prisoners on parole, it does immunize that body from attack where, as here, its action has support in the record (Taylor v State of New York, 36 AD2d 878). Section 212 of the Correction Law stated that "The action of the board of parole in releasing prisoners shall be deemed a judicial function and shall not be reviewable if done according to law." Since there are no allegations in the claimants' claim that the board failed to act "according to law", the judgment cannot be attacked on that ground. Next, while we note that the State's obligation does not end with the person's release, but continues with the statutorily assigned duty of supervision of the releasee (Correction Law, § 213, now Executive Law, § 259-i, subd 2, par [b]), the nature and extent of the duty being dependent on the case history of the individual released, the dismissal of the claims on this ground must also be affirmed. The nature and extent of the State's duty of supervision, as well as the question of whether the released prisoner's actions were foreseeable, can be put at issue only if the claim sets forth adequate factual allegations supportive of the charge of negligence on the part of the State. Here, neither the terms and conditions of the parolee's release are set forth nor any factual allegations as to the manner in which the State was allegedly negligent. The negligence of the State cannot be presumed from the fact of the assault (Taylor v State of New York, supra). Finally, we note that while alternate relief to claimant in the nature of this court's grant of the right to replead is available under appropriate circumstances (CPLR 3211, subds [d], [e]), a review of claimants' affidavits submitted in opposition to the State's motion to dismiss fails to disclose any averment of facts essential to a defense of the motion. In such circumstances this court should not grant such alternate relief. The infant's claim and that of her parents derivative therefrom must be dismissed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Herlihy, JJ., concur.

1. Filed separately when she reached her majority.

2. Now section 259-i of the Executive Law. Those provisions of the Correction Law dealing with the State Board of Parole were repealed effective January 1, 1978 (L 1977, ch 904) and transferred to article 12-B of the Executive Law.

3. Now State Division of Parole (Executive Law, § 259).