■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDRES GONZALEZ, Appellant, v STEPHEN DALSHEIM, as Warden of Ossining Correctional Facility, Respondent.—Judgment of the Supreme Court, Westchester County, dated May 7, 1979, affirmed, without costs or disbursements (see *Wolff v McDonnell,* 418 US 539; *Matter of Arner v Warne,* 54 AD2d 903). Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.

■ SYLVIA BROWNSHIELD, as Administratrix of the Estate of CLAUDE BROWNSHIELD, Deceased, Respondent, v STATE OF NEW YORK, Appellant.—In a claim against the State of New York to recover damages for wrongful death and conscious pain and suffering arising out of the alleged murder of the claimant's son by a parolee in Westchester County, the State appeals from so much of an order of the Court of Claims, entered May 9, 1979, as denied its motion for dismissal of, and/or summary judgment on, the second and third causes of action asserted in the claim. Order reversed insofar as appealed from, on the law, without costs or disbursements, and the State is granted summary judgment dismissing the second and third causes of action. The claim does not set forth factual allegations adequate to support the charge of negligence on the part of the State. (See *Welch v State of New York,* 74 AD2d 661; cf. *Williams v State of New York,* 308 NY 548; *Taylor v State of New York,* 36 AD2d 878.) Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

■ ANTONIO L. BUGLIONE et al., Appellants, v EMMCO DEVELOPMENT CORPORATION et al., Respondents.—In an action, *inter alia,* to permanently enjoin the individual defendants from carrying out a proposed recapitalization of the corporate defendant, plaintiffs appeal from (1) an order of the Supreme Court, Kings County, entered July 5, 1979, which, *inter alia,* granted defendants' cross motion to dismiss the complaint for failure to state a cause of action, and (2) the judgment entered thereon on July 26, 1979. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, on the law, order entered July 5, 1979 vacated insofar as it granted the cross motion, the cross motion is denied and the complaint is reinstated. Defendants' time to answer is extended until 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. Plaintiffs are awarded one bill of $50 costs and disbursements. The allegations contained in the complaint, viz., that the sole purpose of the proposed recapitalization of the corporate defendant was to extinguish the interests of the minority shareholders, state a cause of action upon which relief may be granted (see *Clark v Pattern Analysis & Recognition Corp.,* 87 Misc 2d 385; cf. *Teschner v Chicago Tit. & Trust Co.,* 59 Ill 2d 452). Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.