■ CHRYSLER REALTY CORP., as Assignee of CHRYSLER MOTORS CORP., Appellant-Respondent v URBAN INVESTING CORPORATION, Respondent-Appellant. — In an action for a judgment declaring that a lease extension option had been

validly exercised, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered September 28, 1983, as denied its motion for a preliminary injunction, and defendant cross-appeals from so much of the same order as denied its motion for summary judgment. ¶ Order reversed, insofar as appealed from by plaintiff, motion granted and defendant, its agents, servants and employees are preliminarily enjoined from interfering with the use and occupancy of the premises known as number 1839 Central Avenue, Yonkers, New York, by plaintiff and its subtenant pending entry of judgment in this action, upon condition that plaintiff file in the office of the clerk of the Supreme Court, Westchester County, an undertaking with corporate surety pursuant to CPLR 6312 (subd [b]) in the sum of $50,000, and serve a copy of the same upon defendant. Plaintiff's time to file and serve said undertaking is extended until five days after service upon it of a copy of the order to be made hereon, with notice of entry, and the preliminary injunction granted by order of this court dated October 20, 1983 shall continue during such period. In all other respects order affirmed. ¶ Plaintiff is awarded costs. ¶ On June 25, 1963, plaintiff's assignor, Chrysler Motors Corp., and defendant entered into a lease pursuant to which plaintiff's assignor agreed to lease vacant land at the premises now known as 1839 Central Avenue, Yonkers, for a 20-year period at an annual rent of $20,000. The initial term of the lease commenced on May 15, 1963, and expired on May 15, 1983, and the lease provided for three 10-year extensions. A provision of article 21 of the lease, governing the first extension, states that: "Tenant at its option may elect to extend the term of this Lease for an additional period of ten (10) years * * * by giving Landlord written notice of such election to extend at least six months prior to the expiration of the initial term of this Lease". Pursuant to this provision, plaintiff's assignor was supposed to exercise any option by November 15, 1982. Plaintiff's assignor constructed a building on the leased land for the purpose of opening an automobile dealership, allegedly at a cost of approximately $850,000. Thereafter, plaintiff's assignor assigned its interest in the lease with defendant to the plaintiff Chrysler Realty Corp., its wholly owned real estate subsidiary. Plaintiff then sublet the premises to a Chrysler dealer for the sale of new and used cars; substantial sales have taken place over the years, which at present allegedly approximate $15,000,000 per annum. At present, plaintiff has a sublease with Central Avenue Chrysler Plymouth, Inc., which runs through December, 1988. ¶ On December 9, 1982, plaintiff sent a letter to defendant exercising its option to renew the main lease for the first 10-year period at an annual rental of $25,000 per annum. Defendant's attorney advised plaintiff by letter dated April 15, 1983, that the exercise of its option was untimely, and on or about May 25, 1983, defendant served upon plaintiff and its subtenant, a 30-day notice to vacate the premises by June 30, 1983. Thereafter, plaintiff commenced the present action pursuant to CPLR 3001 for a judgment interpreting the terms of the lease with defendant with respect to plaintiff's right to exercise its option, and declaring that such right had been properly exercised. Plaintiff also moved for a preliminary injunction restraining defendant from interfering with the use and occupancy of the premises by plaintiff and its subtenant during the pendency of the action. Defendant then cross-moved for summary judgment dismissing plaintiff's complaint. Special Term denied both the motion and cross motion. ¶ It is well established that in order "[t]o be granted a preliminary injunction, a movant must demonstrate (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of equities favors his position" (*Gambar Enterprises v Kelly Servs.*, 69 AD2d 297, 306; *Tucker v Toia*, 54 AD2d 322). Special Term abused its discretion in denying plaintiff's motion

for a preliminary injunction. Plaintiff has demonstrated that it will be irreparably harmed if a preliminary injunction is not granted in that it will lose the tenancy of a valuable business location which it has had for 20 years; it will lose the use and occupancy of the building which its assignor constructed, the cost replacement of which is alleged to be $870,000; and it will also be subject to a suit for damages by its subtenant resulting from the breach of the sublease. ¶ With regard to a showing of a likelihood of ultimate success on the merits, plaintiff has demonstrated a prima facie right to equitable relief. In *J.N.A. Realty Corp. v Cross Bay Chelsea* (42 NY2d 392), the Court of Appeals held that equity will intervene to prevent a forfeiture arising out of a tenant's neglect or inadvertence in failing to timely exercise an option. It noted that such a forfeiture could result where a landlord is not harmed by the delay in giving the notice, and the tenant would sustain substantial loss in case the lease were not renewed, such as where the tenant has made valuable improvements on the property, or where it has a long-standing interest in that particular location. Plaintiff here has shown that it both made valuable improvements to the property and has a long-standing interest in the particular location. Moreover, although defendant has alleged prejudice, it has failed to demonstrate any harm resulting from plaintiff's exercising its option approximately three weeks late (see, also, *Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449; *Jones v Gianferante,* 280 App Div 856, affd 305 NY 135; *United Skates of Amer. v Kaplan,* 96 AD2d 232; *Blumenthal v 162 East 80th Tenants,* 88 AD2d 871; cf. *McVey v Simone,* 73 AD2d 959). Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.