■ MONTAUK-STAR ISLAND REALTY GROUP, INC., et al., Appellants, v DEEP SEA YACHT & RACQUET CLUB, INC, et al., Respondents. — In an action, *inter alia,* for specific performance of a contract for the sale of real property and to recover damages for breach of contract and fraud, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated April 29, 1985, as, upon reargument of their motion for a preliminary injunction, adhered to the original determination denying the motion.

Order reversed insofar as appealed from, with costs, and upon reargument, so much of the order of the same court dated April 12, 1985, as denied plaintiffs' motion for a preliminary injunction vacated and motion granted to the extent that the defendants are preliminarily enjoined (1) from commencing or prosecuting summary dispossess proceedings, including the proceeding entitled *"Deep Sea Yacht and Racquet Club, Inc., petitioner (landlord) v Montauk-East Hampton Development Corp., etc., respondent (tenant)",* commenced in the Town of East Hampton Justice Court on April 30, 1985, or any other action or proceeding to evict the plaintiffs from the property which is the subject of this action, and (2) from interfering in any way with the plaintiffs' use and enjoyment of the property until November 30, 1985, upon condition that the plaintiffs file in the office of the Clerk of the Supreme Court, Nassau County, an undertaking with corporate surety pursuant to CPLR 6312 (b) in the sum of $86,400, and serve a copy of the same upon the defendants. Plaintiffs' time to file and serve said undertaking is extended until five days after service upon them of a copy of the order to be made hereon, with notice of entry, and the preliminary injunction granted pursuant to CPLR 5518 by order of this court dated May 7, 1985, shall continue during such period. The parties are directed to proceed with the trial of this action forthwith.

It is well established that in order to be granted a preliminary injunction, a movant must demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors his position (*see, Chrysler Realty Corp. v Urban Investing Corp.*, 100 AD2d 921; *Gambar Enters. v Kelly Servs.*, 69 AD2d 297, 306; *Tucker v Toia*, 54 AD2d 322). Under the circumstances of this case, the applicable criteria have been satisfied. Therefore, Special Term abused its discretion in denying plaintiffs' motion for a preliminary injunction. Lazer, J. P., Gibbons, Thompson and Bracken, JJ., concur.