■ BARBARA JIGGETTS et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, and RENEE HILL, Intervenor-Respondent, v CESAR PERALES, as Commissioner of Social Services of the State of New York, Appellant, et al., Defendants. [609 NYS2d 222] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about October 2, 1992, which granted the motion by plaintiff-intervenor-respondent Renee Hill ("plaintiff") for leave to intervene as a party plaintiff in the underlying action and for preliminary injunctive relief requiring the Commissioner of the New York State Department of Social Services (respectively "the Commissioner" and "the Department") to compel the Department to pay the plaintiff's rental arrears to her landlords in the

amount of $12,272, and to pay the plaintiff's monthly shelter allowance in the amount of her current rent of $650 to her landlords pending the final determination of the underlying action provided that the plaintiff continues to meet the eligibility requirements of public assistance, unanimously affirmed, without costs.

The underlying action sought declaratory and injunctive relief challenging the adequacy of the shelter allowance schedule for recipients of Aid to Dependent Children residing in New York City which schedule was promulgated by the Department pursuant to Social Services Law § 131-a (2). The Court of Appeals held that Social Services Law § 350 (1) requires the Department to promulgate a schedule of maximum allowances that bears a reasonable relation to the cost of housing in New York City, and remanded the matter for a trial on the issue of whether the shelter schedule comported with the adequacy requirement of the statute (see, Jiggetts v Grinker, 75 NY2d 411).

We find that the IAS Court did not abuse its discretion in granting plaintiff preliminary injunctive relief compelling the State Commissioner and the Department to pay $12,272 in rent arrears to plaintiff Hill's landlords pending final determination of the underlying action challenging the adequacy of the shelter allowance schedule promulgated by the Department since the decision whether to grant or deny provisional relief is a matter committed to the sound discretion of the trial court (see, Doe v Axelrod, 73 NY2d 748, 750). Plaintiff established entitlement to preliminary injunctive relief pending determination of the underlying action by demonstrating the irreparable harm of a possible eviction if the relief sought was not granted (see, McNeill v New York City Hous. Auth., 719 F Supp 233, 254), a likelihood of success on the merits on the claim that the challenged shelter allowance schedule is inadequate to enable families to rent apartments in New York City (see, Jiggetts v Grinker, 75 NY2d 411, 417, supra), and that the balance of equities is in her favor so as to maintain the status quo while awaiting a final determination of that claim (Grant Co. v Srogi, 52 NY2d 496, 517).

Nor was it an abuse of discretion for the IAS Court to reject the imposition of a $7,000 cap on the plaintiff's rent arrears where appellant has acknowledged that the ongoing rent was reasonable given the plaintiff's family size and where the arrears merely represent an accumulation of that ongoing rent as the housing court case was litigated. Inasmuch as it is

the Department's litigation posture, rather than its rulemaking authority, which seeks to impose such a cap, we do not apply the rule of due deference *(see, Bowen v Georgetown Univ. Hosp.,* 488 US 204, 213).

Finally, we reject the appellant's claim that the injunctive relief should have been denied upon the grounds that the plaintiff's arrears reflect a high level of mismanagement of the shelter allowance grant and that the plaintiff failed to show "special factors" for eligibility. The record reflects that close to two-thirds of plaintiff Hill's rent arrears consist of either the accrued rent owed in excess of the shelter allowance, which is at issue in the underlying action, or payments that were not made because the Department removed the shelter allowance from the plaintiff's budget for those months. Further, plaintiff has clearly established that absent the injunctive relief sought she and her family would face imminent eviction and homelessness. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Asch, JJ.