■ NELSON, L.P., Respondent, v JOSEPH JANNACE et al., Appellants. [668 NYS2d 936] —In an action, *inter alia*, for specific performance of a real estate contract and option agreement, the defendants appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered October 17, 1996, which granted the plaintiff's motion for a preliminary injunction and tolled the option period, and denied their cross motion, *inter alia*, to sever the action against the defendant Joseph Jannace from the action against the defendant Jane Woods.

Ordered that the order is affirmed, with costs.

The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hear-

ing the motion (*see, Doe v Axelrod,* 73 NY2d 748, 750). To obtain a preliminary injunction a movant must demonstrate (1) a likelihood of ultimate success on the merits; (2) danger of irreparable harm unless the injunction is granted; and (3) a balance of the equities in its favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Doe v Axelrod, supra,* at 750; *Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 406). Viewed in this framework, it cannot be said that the Supreme Court's decision granting the plaintiff's motion for a preliminary injunction was an improvident exercise of discretion.

Nor was the court's denial of that branch of the defendants' cross motion which was to sever the action into two actions an improvident exercise of discretion (*see, Shanley v Callanan Indus.,* 54 NY2d 52; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 111 AD2d 508).

We have reviewed the defendants' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.