■ SUMIKO ENTERPRISES, INC., Appellant, v TOWN REALTY Co., L. L. C., et al., Respondents. [686 NYS2d 94] —In an action for a judgment declaring that an option period under a certain agreement between the parties did not expire until a specific time later than that claimed by the defendants, and enjoining the defendants from interfering with the plaintiff's rights under the agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated March 6, 1998, which, *inter alia,* denied its motion for a preliminary injunction enjoining the sale of the property which is the subject of the agreement.

Ordered that the order is affirmed, with costs.

The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion (*see, Doe v Axelrod,* 73 NY2d 748, 750; *Sachdev v Metro Resources,* 254 AD2d 407). In order to obtain a preliminary injunction, the movant must demonstrate, *inter alia,* that it is likely to ultimately succeed on the merits of the action (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Sachdev v Metro Resources, supra*; *Nelson, L.P. v Jannace,* 248 AD2d 448). To sustain its burden of demonstrating a likelihood of success on the merits, the movant must demonstrate a clear right to relief which is "plain from the undisputed facts" (*Blueberries Gourmet v Aris Realty Corp.,* 255 AD2d 348; *Family Affair Haircutters v Detling,* 110 AD2d 745).

Applying these principles here, the Supreme Court properly exercised its discretion in denying the plaintiff's motion for a preliminary injunction. Although the option agreement executed by the parties in December 1995 stated on its face that the option period would expire on December 31, 1998, in opposition to the plaintiff's motion for a preliminary injunction, the defendants submitted documentary evidence indicating that the parties actually agreed upon a two-year option period, to expire on December 31, 1997. The defendants produced an affidavit from the plaintiff's former attorney, stating that it was his understanding that the term of the option agreement would be a period of two years. In view of the sharp factual dispute regarding whether the December 31, 1998, date which appears in the option agreement is a scrivener's error which may be corrected by reformation of the agreement (*see, Nash v Kornblum,* 12 NY2d 42; *Shults v Geary,* 241 AD2d 850; *Lent v Cea,* 209 AD2d 820), we cannot conclude that the plaintiff met

its burden of demonstrating an ultimate likelihood of success on the merits. O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.