■ STATE OF NEW YORK, Respondent, v CITY OF NEW YORK et al., Appellants. [713 NYS2d 360] —In an action, *inter alia,* to

permanently enjoin the defendants from selling or physically altering certain community gardens, the defendants appeal from (1) an order of the Supreme Court, Kings County (Huttner, J.), dated March 1, 2000, which extended a temporary restraining order of the same court dated February 15, 2000, and directed the defendants to provide the names and addresses of the developers whose projects were scheduled to close by June 30, 2000, and (2) an order of the same court dated March 15, 2000, which, in effect, denied the plaintiff's motion, *inter alia*, to preliminarily enjoin the defendants from selling or altering certain community gardens to the extent of extending the temporary restraining order issued in the order dated March 1, 2000.

Ordered that the appeal from the order dated March 1, 2000, is dismissed, without costs or disbursements, as no appeal lies as of right from an order which does not decide a motion made on notice and leave to appeal has not been granted (*see,* CPLR 5701), and, in any event, that order was superseded by the order dated March 15, 2000; and it is further,

Ordered that the order dated March 15, 2000, is affirmed, without costs or disbursements.

The State of New York (hereinafter the State), commenced this action, *inter alia*, to permanently enjoin the City of New York, the New York City Department of Housing Preservation and Development, and the New York City Department of Citywide Administrative Services, from selling or physically altering approximately 750 community gardens without conducting a full environmental review pursuant to the State Environmental Quality Review Act.

The State has demonstrated that the imminent sale of the community gardens will result in irreparable harm. Where, as here, the denial of injunctive relief would render the final judgment ineffectual, the degree of proof required to establish the element of likelihood of success on the merits should be reduced (*see, Gramercy Co. v Benenson,* 223 AD2d 497, 498; *Republic of Lebanon v Sotheby's,* 167 AD2d 142, 145). Although the State may not ultimately prevail on the merits, the equities lie in favor of preserving the status quo while the legal issues are determined in a deliberate and judicious manner (*see, Tucker v Toia,* 54 AD2d 322, 326). Viewed from this perspective, it cannot be said that the Supreme Court improvidently exercised its discretion by issuing an order that temporarily restrains the sale of the gardens pending a determination of the State's motion to modify a previous injunction. Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.