■ SALOMON MOSSERI et al., Appellants, v JOSEF FRIED et al., Respondents. [735 NYS2d 794] —In an action, *inter alia*, to recover damages for trespass, the plaintiffs appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated February 2, 2001, which, after a hearing, denied their motion for a preliminary injunction enjoining the defendants from doing construction work on certain premises.

Ordered that the notice of appeal from a decision of the same court dated April 19, 2000, is deemed a premature notice of appeal from the order (*see,* CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the Supreme Court (*see, Doe v Axelrod,* 73 NY2d 748, 750). To prevail on a motion for a preliminary injunction, the movants "must demonstrate (1) a likelihood of ultimate success on the merits; (2) danger of irreparable harm unless the injunction is granted; and (3) a balance of the equities in [their] favor" (*Nelson, L.P. v Jannace,* 248 AD2d 448, 449; *see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862).

Here, the plaintiffs failed to demonstrate that they are likely

to succeed on the merits of the action. To satisfy this burden, the plaintiffs were required to "demonstrate a clear right to relief which is 'plain from the undisputed facts' " (*Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350, quoting *Family Affair Haircutters v Detling*, 110 AD2d 745, 747). Since the facts of this case are sharply disputed, the plaintiffs failed to demonstrate a clear right to injunctive relief. Thus, the Supreme Court properly denied the plaintiffs' motion for a preliminary injunction enjoining the defendants from doing construction work on certain premises (*see, Sumiko Enters. v Town Realty Co.*, 259 AD2d 483). Altman, J. P., Adams, Townes and Prudenti, JJ., concur.