◼ NORTH FORK PRESERVE, INC., et al., Respondents, v MYRON KAPLAN et al., Appellants. [819 NYS2d 53]—

In a shareholder's derivative action, inter alia, to recover damages for fraud, waste of corporate assets, and breach of fiduciary duty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 9, 2005, as granted those branches of the plaintiffs' motion which were to preliminarily enjoin the defendants and their agents from, among other things, selling the shares or assets of North Fork Preserve, Inc., and, in effect, to appoint a temporary receiver to oversee the management of the corporation, and denied those branches of the defendants' cross motion which were to dismiss stated portions of the amended complaint.

Ordered that the order is modified, on the law and the facts, and as a matter of discretion, (1) by deleting so much of the second decretal paragraph as, in effect, granted that branch of the motion which was, in effect, to appoint a temporary receiver to oversee the management of the corporation, and substituting therefor a provision denying that branch of the motion, (2) by deleting the fifth, sixth, seventh, and eighth decretal paragraphs thereof, (3) by deleting so much of the ninth decretal paragraph thereof as preliminarily enjoined all parties interested in North Fork Preserve, Inc., and specifically the directors, from using the property of the corporation, and substituting therefor a provision that, notwithstanding anything to the contrary therein, the defendants are permitted to use, control, manage, encumber, collect debts, and pay out money belonging to North Forth Preserve, Inc., only in the ordinary course of business, and (4) by deleting the provisions thereof denying those branches of the cross motion which were to dismiss so much of the first and second causes of action as were based on the allegations of wrongdoing set forth in the subparagraphs lettered (b), (d), (f),

(g), (h), (k), and (n) of paragraphs 16, 60, and 111 of the amended verified complaint, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs are the minority shareholders in a corporation known as the North Fork Preserve, Inc. (hereinafter NFPC), which owns and operates a private hunting and fishing club in the Town of Riverhead in Suffolk County. In this shareholder's derivative action, the plaintiffs seek damages, injunctive relief, and the appointment of a receiver based on allegations that the majority shareholders committed fraud and corporate waste, and breached their fiduciary duties.

The amended complaint sets forth 14 categories of alleged wrongdoing in subparagraphs (a) through (n) of paragraphs 16, 60, and 111. The Supreme Court should have dismissed all of the causes of action to the extent that they were based on the allegations set forth in subparagraphs (h), (k), and (n) on the ground that those claims are barred by the six-year statute of limitations that governs a shareholder's derivative action (*see* CPLR 213 [7]; *Toscano v Toscano*, 285 AD2d 590 [2001]; *Blake v Blake*, 225 AD2d 337 [1996]).

In addition, the Supreme Court should have dismissed all of the causes of action to the extent that they are based on the allegations set forth in subparagraphs (f) and (g) on the ground that those allegations fail to state a cause of action (*see* CPLR 3211 [a] [7]). Neither the accusation in subparagraph (g) that the defendants failed to report the existence of endangered salamanders on the property to the Environmental Protection Agency, nor the conflict of interest alleged in subparagraph (f) constitute fraud, corporate waste, or the breach of a fiduciary duty.

Furthermore, the Supreme Court should have dismissed all of the causes of action to the extent that they are premised on the allegations of corporate misconduct set forth in subparagraphs (b) and (d) on the ground that they are flatly contradicted by the documentary evidence in the record (*see* CPLR 3211 [a] [1]).

Contrary to the defendants' contention, however, the plaintiffs stated a cognizable claim that the minority shareholders have been frozen out of the management of the corporation (*see Barbour v Knecht*, 296 AD2d 218 [2002]; *Buglione v Emmco Dev. Corp.*, 76 AD2d 849 [1980]; *Schwartz v Marien*, 43 AD2d 307 [1974], *affd* 37 NY2d 487 [1975]).

The Supreme Court providently exercised its discretion in granting those branches of the plaintiffs' motion which were for

a preliminary injunction to prevent the sale of NFPC's assets and the dissolution of the hunting and fishing preserve. Where, as here, the denial of a preliminary injunction would disturb the status quo and render the final judgment ineffectual, the degree of proof required to establish the element of likelihood of success on the merits should be reduced (*see State of New York v City of New York*, 275 AD2d 740 [2000]). The scope of the injunction was too broad, however, and has been limited to the extent provided herein. Finally, the Supreme Court should not have granted that branch of the motion which was, in effect, to appoint a temporary receiver, as appointment of a receiver is an extreme remedy, which is not warranted under the facts of this case (*see Schachner v Sikowitz*, 94 AD2d 709 [1983]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.