■ In the Matter of 35 NEW YORK CITY POLICE OFFICERS, on Behalf of Themselves and All Those Similarly Situated, et al., Respondents, v CITY OF NEW YORK et al., Appellants. [826 NYS2d 22]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered March 7, 2006, which granted petitioners' motion for a preliminary injunction directing certain access to petitioners' employment files, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings on the petition.

Petitioners, current and former appointed police officers of respondent New York City Police Department, applied for and passed the Port Authority of New York and New Jersey's 2002 police officer written test for appointment of Port Authority police officers. As part of the Port Authority employment process, each petitioner must undergo a background investigation which includes a comprehensive review of employment/performance records. Consequently, each petitioner signed a waiver permitting the release of their New York City Police Department employment records. However, respondents have refused to release petitioners' employment records to the Port Authority. Petitioners each received a letter from the Port Authority indicating that it has been unable to obtain complete and verifiable information regarding their employment, and, as a result, their respective candidacies have been deferred.

In February 2006, petitioners commenced this proceeding claiming that respondents' refusal to release the files to another law enforcement bureau or to allow Port Authority investigators to review the files is illegal, arbitrary and capricious and contrary to law. Contemporaneous with the filing of the peti-

tion, petitioners obtained an order temporarily restraining respondents from preventing or obstructing Port Authority investigators from reviewing petitioners' complete employment files upon presentation of a signed waiver. Petitioners sought preliminary and permanent injunctive relief directing respondents to turn over petitioners' employment files and files of those similarly situated to law enforcement agencies, including the Port Authority Police.

In their answer, respondents explained the New York City Police Department has established certain procedures regarding employee access to personnel records. Specifically, while individual members of the Police Department are permitted to review their own personnel records (subject to certain restrictions not at issue), a third party may not accompany them nor may any member copy his or her file. However, since June 2003, it is the policy of the Police Department to provide the officer's name, last job title, last salary, dates of employment, whether active or separated, and, if separated from service, the reason, after the Department's Personnel Records Unit receives both a written request from an outside entity and an employee release. Since this new policy was implemented, and in response to certain federal law enforcement agencies seeking to hire current and former New York City police officers, the Police Department has modified its policy to provide additional information, to wit, whether there are any serious, negative notations in the employee's file and whether, based on the records of the Department's Internal Affairs Bureau, the member is considered a "good employee."

In response to a request by the Patrolmen's Benevolent Association to provide the Port Authority with access to personnel records, the Police Department's Office of Labor Relations responded by advising the Port Authority's general counsel that the Department would provide the Port Authority with the same accommodation provided to certain federal agencies in response to employment inquiries.

After joinder of issue and without a hearing, Supreme Court granted petitioners' motion for a preliminary injunction. This Court granted respondents' motion for leave to appeal from that nonfinal order.

We reverse. By directing respondents to allow petitioners access to their entire files (excluding materials relating to current investigations) and to permit investigators from the Port Authority to review the files together with petitioners at police headquarters, the court improperly granted the ultimate relief sought. The purpose of a provisional remedy is to maintain the

status quo, pending a hearing on the merits, rather than to determine the parties' ultimate rights (*see Morris v Port Auth. of N.Y. & N.J.*, 290 AD2d 22, 26 [2002]; *Jamie B. v Hernandez*, 274 AD2d 335, 336 [2000]). Moreover, the court abused its discretion by granting a preliminary injunction without requiring petitioners to provide an adequate showing they are entitled to such provisional relief.

In order to obtain a preliminary injunction, the moving party must demonstrate (1) likelihood of success on the merits; (2) irreparable injury absent the injunction; and (3) a balancing of the equities in its favor (*see W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *Oriburger, Inc. v B.W.H.N.V. Assoc.*, 305 AD2d 275, 279 [2003]). Here, the Police Department's policy—apparently unchallenged when enacted—restricting access to personnel records is well within the Police Commissioner's discretion and broad powers granted by New York City Charter § 434. In addition, petitioners failed to identify any statute or rule giving the nonparty Port Authority the legal right to review petitioners' personnel records, and their reliance on Civil Rights Law § 50-a is misplaced. This law, "designed to limit access to . . . personnel records by criminal defense counsel, who used the contents of the records . . . to embarrass officers during cross-examination" (*Carpenter v City of Plattsburgh*, 105 AD2d 295, 298 [1985], *affd* 66 NY2d 791 [1985]), does not require the release of personnel records to third parties. In any event, the statute does not create a private right of action for police officers for a claimed violation of Civil Rights Law § 50-a, and, therefore, injunctive relief is not available if sought by plaintiffs under this statute (*see Reale v Kiepper*, 204 AD2d 72, 73 [1994], *lv denied* 84 NY2d 813 [1995]). Moreover, petitioners also failed to establish imminent and irreparable harm because none of the petitioners was guaranteed employment with the Port Authority and all were subject to additional screening. Furthermore, the record is unclear whether the Port Authority established a deadline for reviewing personnel records, and if it did, when the deadline was. Therefore, at the very least, there is an unresolved factual issue regarding whether there is an immediate and urgent need for the records. Finally, the equities clearly tip in respondents' favor. As between respondent Police Department and nonparty Port Authority, the Police Department must be the one able to control and dictate who may have access to its employees' personnel records, as well as when, and under what circumstances access should be permitted. As for the ultimate merits of the underlying petition, we note respondents' concession to provide petitioners with the same access as they provide to federal agencies under similar circumstances, and we remand for further proceedings not inconsistent herewith.

We reject petitioners' additional arguments, improperly raised for the first time on appeal. Concur—Andrias, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.