■ 360 West 11th LLC et al., Appellants-Respondents, v ACG Credit Company II, LLC, Respondent-Appellant. [847 NYS2d 198]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered January 29, 2007, which granted plaintiffs' motion for preliminary injunctive relief to the extent of directing defendant to hold $200,000 in escrow, unanimously modified, on the law and the facts, the escrow amount increased to $572,000 on condition that plaintiffs post a $100,000 undertaking therefor, and otherwise affirmed, without costs.

Since the purpose of a preliminary injunction is to maintain the status quo pending a hearing on the merits, rather than to determine the parties' ultimate rights (*see Matter of 35 N.Y. City Police Officers v City of New York*, 34 AD3d 392, 393-394 [2006]), the motion court exercised its discretion appropriately in granting plaintiffs' motion to the extent of directing defendant to place into escrow a certain sum of money. However, inasmuch as the denial of injunctive relief as to the entirety of the sum disputed by the parties would disturb the status quo, we modify to the extent indicated.

We have considered the arguments raised by defendant on the cross appeal and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Marlow, Catterson and Malone, JJ.

■ The People of the State of New York, Respondent, v Billy Sims, Appellant. [848 NYS2d 59]—Order, Supreme Court, New York County (Richard D. Carruthers, J.), entered on or about June 9, 2006, which denied defendant's motion for resentencing under the Drug Law Reform Act of 2005 (L 2005, ch 643), unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated denial of the application (*see e.g. People v Vasquez*, 41 AD3d 111 [2007], *lv dismissed* 9 NY3d 870 [2007]). The court considered the appropriate criteria for granting or denying such an application, with particular reference to defendant's very serious criminal record. In its decision, the court expressly stated the applicable standard. While the court used different language elsewhere in its decision, we do not read that language as indicative of a misapprehension by the court of the correct legal standard (*cf. People v Delgado*, 80 NY2d 780 [1992]). Concur—Tom, J.P., Friedman, Williams, McGuire and Kavanagh, JJ.