In the Matter of WHEATON/TMW FOURTH AVENUE, LP, Respondent, v NEW YORK CITY DEPARTMENT OF BUILDINGS, Appellant. [886 NYS2d 41]—

In a hybrid proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the New York City Department of Buildings to rescind a stop work order dated December 27, 2007, and, in effect, action for a judgment declaring the stop work order void, the New York City Department of Buildings appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 4, 2008, which granted the petitioner's motion, in effect, for a preliminary injunction

enjoining the New York City Department of Buildings from enforcing the stop work order during the pendency of the proceeding.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the facts and an exercise of discretion, and the motion, in effect, for a preliminary injunction is denied; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The Supreme Court improvidently exercised its discretion in granting the petitioner's motion, in effect, for a preliminary injunction enjoining the appellant from enforcing a stop work order dated December 27, 2007.

On a motion for a preliminary injunction, the movant must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor (see Doe v Axelrod, 73 NY2d 748, 750 [1988]; Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d 1072, 1072-1073 [2008]; Petervary v Bubnis, 30 AD3d 498 [2006]). "A party seeking the drastic remedy of a preliminary injunction must establish a clear right to that relief under the law and the undisputed facts" (Omakaze Sushi Rest., Inc. v Ngan Kam Lee, 57 AD3d 497 [2008]; see Miller v Price, 267 AD2d 363, 364 [1999]). The purpose of a preliminary injunction is to maintain the status quo, not to determine the ultimate rights of the parties (see Moody v Filipowski, 146 AD2d 675, 678 [1989]; Matter of 35 N.Y. City Police Officers v City of New York, 34 AD3d 392, 393-394 [2006]).

Here, there is a sharp factual dispute as to whether or not the petitioner secured the consent of the adjacent landowner before engaging in the underpinning of the adjacent landowner's building and foundation. Therefore, the petitioner failed to establish a clear right to preliminary injunctive relief (see Omakaze Sushi Rest., Inc. v Ngan Kam Lee, 57 AD3d at 497; Gagnon Bus Co., Inc. v Vallo Transp., Ltd., 13 AD3d 334, 335 [2004]). Moreover, the preliminary injunction, as issued, was improper since it did not maintain the status quo, but had the practical effect of granting the petitioner the ultimate relief it seeks in the underlying proceeding (see Matter of 35 N.Y. City Police Officers v City of New York, 34 AD3d at 393-394).

The parties' remaining contentions either are without merit

or have been rendered academic by our determination. Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.