Masjid Usman, Inc., Respondent, v Beech 140, LLC, et al. Appellants. [892 NYS2d 430]—

"The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion" (*Nelson, L.P. v Jannace,* 248 AD2d 448, 448-449 [1998]; *see Doe v Axelrod,* 73 NY2d 748, 750 [1988]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.,* 50 AD3d 1072, 1073 [2008]). Moreover, " '[i]n the absence of unusual or compelling circumstances, [the] court[s] [are] reluctant to disturb said determination' " (*Borenstein v Rochel Props.,* 176 AD2d 171, 172 [1991], quoting *After Six v 201 E. 66th St. Assoc.,* 87 AD2d 153, 155 [1982]). In order to demonstrate entitlement to a preliminary injunction, the movant must establish (1) a probability of success on the merits, (2) the danger of irreparable harm in the absence of injunctive relief, and (3) a balance of the equities in favor of the movant (*see Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd.,* 53 AD3d 612, 613 [2008]; *Montauk-Star Is. Realty Group v Deep Sea Yacht & Racquet Club,* 111 AD2d 909, 910 [1985]). A court evaluating a motion for a preliminary injunction must be mindful that "[t]he purpose of a preliminary injunction is to maintain the status quo, not to determine the ultimate rights of the parties" (*Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of*

*Bldgs.,* 65 AD3d 1051, 1052; *see Coinmach Corp. v Alley Pond Owners Corp.,* 25 AD3d 642, 643 [2006]).

Contrary to the defendants' contentions, consideration of the foregoing factors supports the Supreme Court's issuance of the preliminary injunction in this case. The plaintiff sustained its burden of establishing a likelihood of success on the merits by its submission of documentary evidence suggesting that its use of the subject premises was lawful and in accordance with the terms of the lease. In this regard, the plaintiff was entitled to a reduced degree of proof with respect to this issue, since the denial of a preliminary injunction in this case would disturb the status quo and likely render the final judgment ineffectual (*see North Fork Preserve, Inc. v Kaplan,* 31 AD3d 403, 406 [2006]; *State of New York v City of New York,* 275 AD2d 740, 741 [2000]; *Gramercy Co. v Benenson,* 223 AD2d 497, 498 [1996]). Furthermore, the imminent threat of the plaintiff's loss of a valuable, long-term leasehold interest in the absence of an injunction satisfied the irreparable harm requirement for a preliminary injunction (*see Chrysler Realty Corp. v Urban Inv. Corp.,* 100 AD2d 921, 923 [1984]). A balance of the equities likewise favors the granting of preliminary injunctive relief to maintain the status quo pending the resolution of the action (*see e.g. S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc.,* 57 AD3d 642, 643 [2008]; *Jiggetts v Perales,* 202 AD2d 341, 342 [1994]).

Finally, the court did not improvidently exercise its broad discretion (*see Griffin v 70 Portman Rd. Realty, Inc.,* 47 AD3d 883, 884 [2008]) in fixing the amount of the mandatory undertaking to be posted by the plaintiff pursuant to CPLR 6312 (b). Rivera, J.P., Dillon, Miller and Roman, JJ., concur.