Chana v Machon Chana Women's Inst., Inc. (2018 NY Slip Op 03961)





Chana v Machon Chana Women's Inst., Inc.


2018 NY Slip Op 03961


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-11328
 (Index No. 503045/15)

[*1]Cong. Machon Chana, etc., respondent, 
v
Machon Chana Women's Institute, Inc., et al., appellants.


Mintz & Gold LLP, New York, NY (Howard Miller and Peter Guirguis of counsel), for appellants.
Frey & Kozak LLP, New York, NY (Mark S. Frey of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a declaratory judgment, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 21, 2015. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for a preliminary injunction restraining the defendants from continuing with the prosecution of a holdover proceeding filed on behalf of the plaintiff in the Civil Court, Kings County, under Index No. 107488/2014, and for a stay of that proceeding, and denied that branch of the defendants' cross motion which was to dismiss the action as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, to fix an appropriate undertaking pursuant to CPLR 6312.
This action arises out of a dispute as to who is authorized to act on behalf of the plaintiff, Cong. Machon Chana (hereinafter the Congregation), and, in turn, control the use of real property located at 1367 President Street in Brooklyn and held in the name of the Congregation (hereinafter the premises). The premises have been used since the 1970s as a dormitory for female students engaged in Torah study, in accordance with the Congregation's mission.
By petition dated December 23, 2014, the defendant Sara Labkowski, purporting to act on behalf of the Congregation as its "President," commenced a holdover proceeding on behalf of the Congregation in the Civil Court, Queens County, to evict persons residing at the premises. Thereafter, in 2015, the Congregation commenced this action against Labkowski and the defendant Machon Chana Women's Institute, Inc. (hereinafter the Women's Institute), seeking, inter alia, a declaration that Labkowski is not authorized to act on behalf of the Congregation. The Congregation also moved for a preliminary injunction, among other things, to stay the holdover proceeding.
The defendants cross-moved to dismiss the action on the grounds, among others, that although the Congregation is named as the plaintiff in this action, the action actually was commenced by Rabbi Shimon Hecht, purporting to act on behalf of the Congregation as "a member [*2]of the Board of Trustees," that Hecht was not authorized to act on behalf of the Congregation, and that the action was time-barred. The Supreme Court granted that branch of the Congregation's motion which was for a preliminary injunction restraining the defendants from continuing with the prosecution of the holdover proceeding and for a stay of that proceeding, and otherwise denied the Congregation's motion and the entirety of the defendants' cross motion. The defendants appeal.
We agree with the Supreme Court's determination denying that branch of the defendants' cross motion which was to dismiss the action as time-barred. "A declaratory judgment is intended to declare the respective legal rights of the parties based on a given set of facts, not to declare findings of fact'" (Touro Coll. v Novus Univ. Corp., 146 AD3d 679, 679, quoting Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 100). " A cause of action for declaratory relief accrues when there is a bona fide, justiciable controversy between the parties'" (Westhampton Beach Assoc., LLC v Incorporated Vil. of Westhampton Beach, 151 AD3d 793, 796, quoting Zwarycz v Marnia Constr., Inc., 102 AD3d 774, 776; see CPLR 3001). "To constitute a justiciable controversy,' there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect" (Chanos v MADAC, LLC, 74 AD3d 1007, 1008). Here, the first justiciable controversy between the parties arose when Labkowski commenced the holdover proceeding in December 2014, and the court properly determined that this action for declaratory relief was not time-barred (see Zwarycz v Marnia Constr., Inc., 102 AD3d at 776; see also American Ins. Assn. v Chu, 64 NY2d 379, 383; Chanos v MADAC, LLC, 74 AD3d at 1008).
To obtain a preliminary injunction, a movant must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor (see CPLR 6301; XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 591). A court evaluating a motion for a preliminary injunction must be mindful that the purpose of a preliminary injunction is to maintain the status quo and not to determine the ultimate rights of the parties (see Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 942; Ying Fung Moy v Hohi Umeki, 10 AD3d 604, 605; see also S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc., 57 AD3d 642, 642).
The decision as to whether to grant or deny a preliminary injunction rests in the sound discretion of the court hearing the motion (see XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d at 591; Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d at 942). Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination (see Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d at 942).
We agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for a preliminary injunction restraining the defendants from continuing with the prosecution of the holdover proceeding and for a stay of that proceeding. Although the defendants demonstrated the existence of a factual question as to who has authority to act for the Congregation, the plaintiff established that, absent the preliminary injunction, Labkowski would evict students who were residing in the premises, in contravention of the Congregation's mission, which satisfies the irreparable harm requirement for a preliminary injunction (see e.g. Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d at 943; S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc., 57 AD3d at 643; Jiggetts v Perales, 202 AD2d 341, 342; Chrysler Realty Corp. v Urban Inves. Corp., 100 AD2d 921, 923). Here, a balancing of the equities likewise favors the granting of preliminary injunctive relief to maintain the status quo pending the resolution of the action (see e.g. Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d at 943; S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc., 57 AD3d at 643; Ying Fung Moy v Hohi Umeki, 10 AD3d at 605; Jiggetts v Perales, 202 AD2d at 342; Chrysler Realty Corp. v Urban Inv. Corp., 100 AD2d at 923).
However, there is no evidence in the record that the Supreme Court fixed an amount for the requisite undertaking pursuant to CPLR 6312 (see Mobstub, Inc. v www.staytrendy.com, 153 AD3d 809, 810; Ying Fung Moy v Hohi Umeki, 10 AD3d at 605). Accordingly, the matter must be remitted for the court to fix the amount of the undertaking (see Mobstub, Inc. v www.staytrendy.com, 153 AD3d at 810-811; Ying Fung Moy v Hohi Umeki, 10 AD3d at 605).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court