| |
|---|
| **Fraser v Bascombe** |
| 2024 NY Slip Op 31992(U) |
| June 4, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523155/2022 |
| Judge: Peter P. Sweeney |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73

------------------------------------------------------X

TERRENCE FRASER,

                                    Plaintiff,

            -against-

NICOLE BASCOMBE, TYREL WILSON & HEATHER
WILSON,

                                    Defendants.

------------------------------------------------------X

Index No.: 523155/2022
Motion Date: 5-20-24
Mot. Seq. No.: 1


**DECISION/ORDER**

The following papers, which are e-filed with NYCEF as items 14-37, were read on this motion:

In this action to quiet title to real property located at 62 Fountain Avenue, Brooklyn, New York, Heather Wilson seeks a preliminary injunction. Pending the resolution of the action, she seeks to enjoin the plaintiff Terrence Fraser from:

> (a) performing or continuing to perform any work to alter, construct, demolish, destroy, encumber, modify, renovate, or repair of any kind on or at the premises, including any such work to the building, fixtures, and/or appurtenances at the Property, absent the written consent of Defendant Heather Wilson,
>
> (b) demolishing, destroying, discarding, or removing any of the Defendant Heather Wilson's documents, personal property, or other items stored at the Property, including property belonging to Defendant Heather Wilson's mother, Norma Wilson, and
>
> (c) impeding, restricting, or restraining Defendant Heather Wilson's access to, or use and occupancy of, any portion of the Property.

**Background:**

Heather Wilson, a defendant in this action, claims that her mother, Norma Wilson and the plaintiff, Terrence Fraser, her mother's cousin, purchased the real property at issue in this action in 1985. Heather claims that while the Deed dated May 29, 1985, lists only the plaintiff as a

1

grantee, her mother contributed to the purchase price of the property as a coequal owner. Heather claims that around the time of purchase, that in order to document her mother's ownership stake in the property, plaintiff had his lawyer send a letter to her mother on August 22, 1985. The letter states as follows:

> Dear Ms. Wilson:
>
> This is to confirm that as of the date listed above, August 22, 1985, you share an interest in the ownership and equity associated with the premises known as 62 Fountain Avenue, Brooklyn, New York, with my client Terrence Fraser. You have all the normal interests associated with the ownership of this property from this point forward and said interest is non-revocable.
>
> The letter is written pursuant to the express authorization of Terrence Fraser.
>
> Very truly yours,<br>/s<br>CHARLES M. POWELL, JR.
>
> AGREED TO AND ACCEPTED:
>
> /s
> ------------------------------------
> NORMA WILSON
>
> /s
> ------------------------------------
> TERRENCE FRASER

A copy or the letter is annexed as an exhibit to the motion

Heather claims that she and her mother contributed to the household expenses at all relevant times. Heather has been living there for four decades. Norma Wilson passed away on April 20, 2020. Heather claim that a portion of her mother's interest in the property passed to her upon her death. Norma's other heirs signed s deed on June 1, 2022, granting to Heather all their interest in the property.

In response to the action, Heather interposed an answer asserting counterclaims, including a counterclaim alleging that her mother obtained an ownership interest in the property pursuant to the principles of constructive trust.

According to Heather, the plaintiff is now attempting to perform construction on the first floor, in the area where she lives, without her permission. This prompted this motion.

**Discussion:**

The decision to grant a preliminary injunction is a matter committed to the sound discretion of the court (*Nelson, L.P. v. Jannace,* 248 A.D.2d 448, 448–449, 668 N.Y.S.2d 936; *see Doe v. Axelrod,* 73 N.Y.2d 748, 750, 536 N.Y.S.2d 44, 532 N.E.2d 1272; *Automated Waste Disposal, Inc. v. Mid-Hudson Waste, Inc.,* 50 A.D.3d 1072, 1073, 857 N.Y.S.2d 648). In order to demonstrate entitlement to a preliminary injunction, the movant must establish (1) a probability of success on the merits, (2) the danger of irreparable harm in the absence of injunctive relief, and (3) a balance of the equities in favor of the movant (*see Matter of Advanced Digital Sec. Solutions, Inc. v. Samsung Techwin Co., Ltd.,* 53 A.D.3d 612, 613, 862 N.Y.S.2d 551; *Montauk-Star Is. Realty Group v. Deep Sea Yacht & Racquet Club,* 111 A.D.2d 909, 910, 491 N.Y.S.2d 32). A court evaluating a motion for a preliminary injunction must be mindful that "[t]he purpose of a preliminary injunction is to maintain the status quo, not to determine the ultimate rights of the parties" (*Matter of Wheaton/TMW Fourth Ave., LP v. New York City Dept. of Bldgs.,* 65 A.D.3d 1051, 1052, 886 N.Y.S.2d 41; *see Coinmach Corp. v. Alley Pond Owners Corp.,* 25 A.D.3d 642, 643, 808 N.Y.S.2d 418).

With respect to the issue of whether the defendant established a probability of success on the merits of her claim of constructive trust, "[a] constructive trust is the formula through which the conscience of equity finds expression" (*Toobian v. Golzad,* 193 A.D.3d 778, 781, 147 N.Y.S.3d 61 [internal quotation marks omitted]; *see Reingold v. Bowins,* 180 A.D.3d at 724, 119 N.Y.S.3d 487). "When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him [or her] into a trustee" (*Toobian v. Golzad,* 193 A.D.3d at 781, 147 N.Y.S.3d 61 [internal quotation marks omitted]). "[S]ince it is an equitable remedy, a constructive trust is necessarily flexible to

3

accomplish its purpose" (*Toobian v. Golzad*, 193 A.D.3d at 781, 147 N.Y.S.3d 61 [internal quotation marks omitted]; *see Kaprov v. Stalinsky*, 145 A.D.3d 869, 871–872, 44 N.Y.S.3d 123).

In general, to impose a constructive trust, four factors must be established: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v. Kosmalski*, 40 N.Y.2d at 121, 386 N.Y.S.2d 72, 351 N.E.2d 721). However, as these elements serve only as a guideline, a constructive trust may still be imposed even if all of the elements are not established (*see Simonds v. Simonds*, 45 N.Y.2d at 241, 408 N.Y.S.2d 359, 380 N.E.2d 189; *Marini v. Lombardo*, 79 A.D.3d 932, 933, 912 N.Y.S.2d 693).

Here, the Court finds that the defendant satisfied her burden of demonstrating by clear and convincing evidence that her mother acquired title to the property pursuant to principle of constructive. Clearly, as familial relatives, Norma Wilson and the plaintiff shared a confidential relationship (*see Broderson v. Parsons*, 106 A.D.3d 677, 679, 964 N.Y.S.2d 259; *Reiner v. Reiner*, 100 A.D.2d 872, 874, 474 N.Y.S.2d 538). Sufficient evidence was adduced that the while the subject property was titled in plaintiff's name, Norma Wilson expended her own money in order to purchase the subject property in reliance upon an understanding that she would have a non-revocable ownership interest in the premises. While the letter from plaintiff's attorney to Norma Wilson does not demonstrate the existence of a promise that the plaintiff would transfer a portion of the ownership of the property to her upon request, it is consistent with such a promise and in the Court's view, serves as a sufficient predicate for the imposition of a constructive trust. Finally, the evidence demonstrated that the defendant would be unjustly enriched by retaining sole legal title (*see id.; cf. Broderson v. Parsons*, 106 A.D.3d at 679, 964 N.Y.S.2d 259).

The defendant also met her burden of demonstrating that the danger of irreparable harm in the absence of injunctive relief, and a balance of the equities in her favor. For the above reasons, defendant's motion for a preliminary ~~injury~~ INJUNCTION is granted. Pending further order of the Court, the plaintiff is enjoined from:

4

(a) performing or continuing to perform any work to alter, construct, demolish, destroy, encumber, modify, renovate, or repair of any kind on or at the premises, including any such work to the building, fixtures, and/or appurtenances at the Property, absent the written consent of Defendant Heather Wilson,

(b) demolishing, destroying, discarding, or removing any of the Defendant Heather Wilson's documents, personal property, or other items stored at the Property, including property belonging to Defendant Heather Wilson's mother, Norma Wilson, and

(c) impeding, restricting, or restraining Defendant Heather Wilson's access to, or use and occupancy of, any portion of the Property.

Defendant is directed to post an undertaking in the amount of $1,000.00 within 30 days of this order.

Accordingly, it is hereby

**ORDRED** that the motion is decided as set forth above.

This constitutes the decision and order of the Court.

Dated: June 4, 2024

_PPS_
_____

**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020