FOURTH DEPARTMENT, MARCH, 1999

(March 19, 1999)

■ PHILIP D. RUPERT, JR., Individually and as Judgment Creditor of R.W. MICHAELS AGENCY, INC., on Behalf of Himself and Other Judgment Creditors of R.W. MICHAELS AGENCY, INC., Similarly Situated, and in the Right of R.W. MICHAELS AGENCY, INC., Appellant, v JOHN TIGUE et al., Defendants, and EDNA KRAUTHEIMER, Respondent. (Appeal No. 1.) [687 NYS2d 502] —Judgment unanimously reversed on the law with costs, motion denied and complaint against defendant Edna Krautheimer reinstated. Memorandum: Plaintiff, a judgment creditor of defendant R.W. Michaels Agency, Inc. (Agency), commenced this action pursuant to Business Corporation Law § 720, alleging waste and dissipation of Agency assets by its officers and directors, the individual defendants. The action was commenced against the Agency and defendants John Tigue and Fred Krautheimer on February 15, 1996. Edna Krautheimer (defendant), a director and the secretary/treasurer of the Agency, was added as a defendant on April 7, 1997. Defendant moved to dismiss the action against her on the ground that the wrongful acts alleged by plaintiff occurred more than three years prior to the commencement of the action against her, and the action is therefore time-barred pursuant to CPLR 214 (2).

Supreme Court erred in granting the motion. Even if an action brought pursuant to Business Corporation Law § 720 is one "to recover upon a liability, penalty or forfeiture created or imposed by statute" (CPLR 214 [2]), the three-year period of limitations of CPLR 214 (2) does not apply to actions governed by CPLR 213. The instant action seeks an accounting, recovery of funds and assets allegedly wrongfully diverted from the Agency by defendants, and damages allegedly incurred by the Agency and its creditors as a result of the wrongful acts of

defendants. Thus, this is "an action * * * on behalf of a corporation" governed by CPLR 213 (7), and the six-year period of limitations applies. Because plaintiff has alleged wrongful conduct by defendant occurring less than six years prior to the commencement of the action against her, the action is not time-barred. (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Dismiss Pleading.) Present—Denman, P. J., Green, Hayes, Pigott, Jr. and Balio, JJ.