■ ANGELO TOSCANO et al., Appellants, v ANTHONY TOSCANO, Respondent. (And a Proceeding.) [728 NYS2d 189] —In an action,

*inter alia,* to recover damages for misappropriation of corporate assets, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated March 3, 2000, as, upon renewal, granted the defendant's motion for partial summary judgment dismissing the first, second, third, and fifth causes of action, and so much of the fourth cause of action as was predicated upon acts which occurred more than six years prior to commencement of the action.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof granting those branches of the defendant's motion which were for partial summary judgment dismissing so much of (1) the first cause of action alleging diversion of corporate assets, (2) the third cause of action alleging misappropriation of corporate assets, and (3) the fifth cause of action alleging breach of fiduciary duty, as were based upon acts which occurred within six years preceding the commencement of the action, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and so much of the first, third, and fifth causes of action as were based upon acts which occurred within six years preceding the commencement of the action are reinstated.

The court erred in applying the three-year Statute of Limitations to the causes of action alleging diversion of corporate assets, misappropriation of corporate assets, and breach of fiduciary duty. Pursuant to CPLR 213 (7), a six-year Statute of Limitations was applicable (*see, Rupert v Tigue,* 259 AD2d 946; *Blake v Blake,* 225 AD2d 337; *Tobias v Tobias,* 192 AD2d 438). We therefore modify the order to the extent indicated. Altman, J. P., Friedmann, Smith and Adams, JJ., concur.