■ Parviz Lavi, Respondent-Appellant, v Old Cedar Development Corp., Appellant-Respondent. [796 NYS2d 698]—

In an action, inter alia, to compel specific performance of an agreement by the defendant to sell the plaintiff three shares of stock, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Catterson, J.), dated October 2, 2003, as, after a nonjury trial, determined, in effect, that it breached the contract and the plaintiff is the rightful owner of the shares of stock, directed that it issue the shares to the plaintiff nunc pro tunc to July 31, 1988, and awarded the plaintiff the sum of $215,508.36,

representing the amount of distributions owed on the shares from 1988, and the plaintiff cross-appeals from so much of the same judgment as directed him to pay the sum of $281,500 for the purchase of the shares, and failed to award him prejudgment interest on the sum awarded to him.

Ordered that the judgment is reversed insofar as appealed from, on the law, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic in light of the determination of the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action, inter alia, for specific performance of an agreement by the defendant, Old Cedar Development Corp., to sell him three shares of stock. After a nonjury trial, the Supreme Court awarded such relief. We reverse.

On appeal from a judgment rendered after a nonjury trial, this Court may review the record as a whole and grant the judgment warranted on the facts (see North Main St. Bagel Corp. v Duncan, 6 AD3d 590 [2004]; Ancewicz v Western Suffolk BOCES, 282 AD2d 632 [2001]). Here, there was a failure of proof warranting dismissal of the complaint.

The defendant corporation was formed in 1987 to purchase certain real property known as the Cedar Brook Country Club. On July 2, 1987, the original 19 shareholders, including the plaintiff, entered into a shareholders agreement (hereinafter the agreement), which provided:

"7. No shareholder may sell, transfer, or encumber his stock in the Corporation except as set forth in this Agreement

"8. Should any shareholder desire to sell his or her interest in the Corporation, he shall first offer his shares to the Corporation at the same price and upon the same terms as it shall be offered to any other prospective purchaser. The offer to the Corporation shall be in writing, mailed to the Corporation at its business office, by Certified Mail, Return Receipt Requested. The offer shall contain the price, the terms of payment, and the name and address of each prospective purchaser. The Corporation shall then have thirty (30) days in which to accept the offer after receipt thereof. If the Corporation fails to accept the offer in writing within that period, each of the remaining existing shareholders may accept the offer during the following thirty (30) days. If two or more of the existing shareholders wish to accept the offer, they shall participate in accordance with the ratio that each shareholder's shares bear to the total shares owned by those shareholders electing to participate.

"9. If neither the Corporation or any shareholder wishes to accept the offer in the time periods prescribed, the shares may then be sold to the previously-named prospective purchaser."

The agreement also provided that it could not be altered, modified, amended, or terminated except in a writing signed by all shareholders.

In early 1988 it was learned that two original shareholders, Harvey Manes and Barbara Manes, had purportedly sold some of their shares to another original shareholder, Jamshid Lavi, without complying with the terms of the agreement. This purported sale was addressed at a series of shareholders' meetings in July 1988. At a meeting held on July 17, 1988, it was proposed that three of the shares purportedly sold to Jamshid Lavi by the Maneses, which are the shares that are the subject of this appeal, be auctioned to the highest bidder. At a meeting held July 31, 1988, the shares were purportedly auctioned by the defendant corporation and the plaintiff was the highest bidder. However, the plaintiff never received the stock.

The Supreme Court found in favor of the plaintiff and directed the defendant corporation to issue the three shares of stock to the plaintiff and to pay to him the distributions owed on the shares upon the plaintiff's payment of the balance of the purchase price, plus accrued interest. However, the plaintiff presented no evidence that, before the sale to him, the defendant corporation was ever offered or ever agreed to purchase the shares at issue pursuant to the terms of the agreement, or that such terms were validly altered, modified, amended, or terminated (*see Matter of Penepent Corp.*, 96 NY2d 186 [2001]). Thus, the plaintiff demonstrated no basis for the relief sought and his complaint should have been dismissed.

The parties' remaining contentions are either without merit or need not be reached in light of our determination. H. Miller, J.P., Ritter, Mastro and Lifson, JJ., concur.