■ Re-Max Classic Realty, Inc., Appellant, v Howard Berger et al., Respondents. [807 NYS2d 307]—In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), dated May 4, 2004, as denied that branch

of its motion which was for summary judgment on the cause of action to recover damages for breach of contract, and (2) from an order of the same court dated December 15, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the cause of action to recover damages for breach of fiduciary duty, and the defendants cross-appeal from so much of the order dated May 4, 2004, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of whether a co-brokerage agreement existed between the parties.

Ordered that the appeal and cross appeal from the order dated May 4, 2004, are dismissed, as the portions of the order appealed and cross-appealed from have been rendered academic in light of our determination of the appeal from the order dated December 15, 2004; and it is further,

Ordered that the order dated December 15, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

After the defendants established their prima facie entitlement to summary judgment, the burden shifted to the plaintiff to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact to defeat the motion (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). However, the plaintiff presented mere conclusions and unsubstantiated allegations, which were insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra* at 325; *Zuckerman v City of New York, supra*, at 562). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions on the appeal from the order dated December 15, 2004, are either unpreserved for appellate review or without merit. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.