In the Matter of LEANORA SKORR, Appellant, v SKORR STEEL Co., INC., et al., Respondents. [814 NYS2d 250]—

In a proceeding, inter alia, for the judicial dissolution of a closely-held corporation, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered February 28, 2005, as granted that branch of the respondents' motion which was for summary judgment dismissing so much of the third and fourth causes of action as were predicated upon acts which occurred more than three years before the commencement of the proceeding. The appeal brings up for review so much of an order of the same court dated July 25, 2005, as, upon reargument, in effect, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order entered February 28, 2005 is dismissed, as that order was superseded by the order dated July 25, 2005, made upon reargument; and it is further,

Ordered that the order dated July 25, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The petitioner commenced this action on May 17, 2002. In its order entered February 28, 2005 the Supreme Court determined

that the petitioner's shareholder derivative claims were subject to the three-year statute of limitations and, as a result, dismissed so much of the third and fourth causes of action as were predicated upon acts which occurred before May 17, 1999. Although, upon reargument, the Supreme Court correctly determined that the six-year statute of limitations was applicable to the petitioner's shareholder derivative claims, the Supreme Court reached the same result (*see* CPLR 213 [7]; *Toscano v Toscano,* 285 AD2d 590, 591 [2001]).

The Supreme Court properly, in effect, adhered to its original determination dismissing as time-barred the petitioner's shareholder derivative claims alleging misappropriation of corporate opportunity, diversion of corporate assets, and breach of fiduciary duty in relation to the loan made by Skorr Steel Co., Inc., to Industrial Specialty Metals, Inc. (hereinafter Industrial), and the purchase of property on Gardner Avenue by Industrial, as those transactions occurred in October 1995, which was more than six years before the commencement of this proceeding (*see* CPLR 213 [7]; *Toscano v Toscano, supra*).

The petitioner's remaining contentions are without merit. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur. [*See* 8 Misc 3d 1021(A), 2005 NY Slip Op 51216(U) (2005).]