KOUROSH JAVAHERI, Appellant, v OLD CEDAR DEVELOPMENT CORP. et al., Defendants, M. PIERRE RAFIY et al., Appellants, and NOUROLLAH SASSOUNI, Respondent. [923 NYS2d 140]—

In an action, inter alia, for a judgment declaring that the plaintiff validly accepted an offer to purchase one share of stock of the defendant Old Cedar Development Corp. from the defendant Harvey R. Manes, the defendants M. Pierre Rafiy, Nejatolah Sassouni, David Rafiy, and Sandra Rafiy-Layne appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated April 29, 2010, as denied their motion for summary judgment, in effect, (1) declaring that the plaintiff did not validly accept an offer to purchase one share of stock of the defendant Old Cedar Development Corp. from the defendant Harvey R. Manes, (2) declaring that the sale in 1999 of 4.5 shares of stock of the defendant Old Cedar Development Corp. by the defendants Harvey R. Manes and Barbara Manes to the defendants David Rafiy and Sandra Rafiy-Layne is valid, (3) dismissing, as time-barred, so much of the first cause of action in the amended complaint as alleged that, in consummating the sale of one share of stock of the defendant Old Cedar Development Corp. in 1988, the defendants Harvey R. Manes and Barbara Manes and the defendant Nejatolah Soussani failed to comply with the terms of a shareholders' agreement entered into by the shareholders of the defendant Old Cedar Development Corp., (4) dismissing the second cause of action in the amended complaint insofar as asserted against the defendants M. Pierre Rafiy and Nejatolah Sassouni, and (5) dismissing so much of the fourth cause of action in the amended complaint as was to recover damages for unjust enrichment against the defendant M. Pierre Rafiy and for a permanent injunction against the defendants M. Pierre Rafiy, David Rafiy, and Sandra Rafiy-Layne, and the plaintiff separately appeals, as limited by his brief, from so much of the same order as granted the motion of the defendant Nourollah Sassouni for summary judgment dismissing the cause of action seeking to impose a constructive trust upon four shares of stock of the defendant Old Cedar Development Corp. in the possession of the defendant Nourollah Sassouni.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of M. Pierre Rafiy, Nejatolah Sassouni, David Rafiy, and Sandra Rafiy-Layne which was for summary judgment, in effect, declaring that the plaintiff did not validly accept an offer to purchase one share of stock of the defendant Old Cedar Development Corp. from the defendant Harvey R. Manes, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the motion of those

defendants which was for summary judgment declaring that the sale in 1999 of 4.5 shares of stock of the defendant Old Cedar Development Corp. by the defendants Harvey R. Manes and Barbara Manes to the defendants David Rafiy and Sandra Rafiy-Layne is valid, and substituting therefor a provision granting that branch of the motion, (3) by deleting the provision thereof denying that branch of the motion of those defendants which was for summary judgment dismissing, as time-barred, so much of the first cause of action in the amended complaint as alleged that, in consummating the sale of one share of stock of the defendant Old Cedar Development Corp. in 1988, the defendants Harvey R. Manes and Barbara Manes and the defendant Nejatolah Soussani failed to comply with the terms of a shareholders' agreement entered into by the shareholders of the defendant Old Cedar Development Corp., and substituting therefor a provision granting that branch of the motion, (4) by deleting the provision thereof denying that branch of the motion of those defendants which was for summary judgment dismissing so much of the second cause of action in the amended complaint insofar as asserted against the defendants M. Pierre Rafiy and Nejatolah Sassouni as was based upon their alleged acts or omissions occurring more than six years prior to the commencement of this action or was related to the sale in 1999 of 4.5 shares of stock of the defendant Old Cedar Development Corp. by the defendants Harvey R. Manes and Barbara Manes to the defendants David Rafiy and Sandra Rafiy-Layne, and substituting therefor a provision granting that branch of the motion, and (5) by deleting the provision thereof denying that branch of the motion of those defendants which was for summary judgment dismissing so much of the fourth cause of action in the amended complaint as sought to recover damages for unjust enrichment from the defendant M. Pierre Rafiy and for a permanent injunction against the defendants M. Pierre Rafiy, David Rafiy, and Sandra Rafiy-Layne and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff did not validly accept an offer to purchase one share of stock of the defendant Old Cedar Development Corp. from the defendant Harvey R. Manes, and that the sale in 1999 of 4.5 shares of stock of the defendant Old Cedar Development Corp. by the defendants Harvey R. Manes and Barbara Manes to the defendants David Rafiy and Sandra Rafiy-Layne is valid.

Old Cedar Development Corp. (hereinafter Old Cedar), a

closely held corporation formed in 1987, owns the real property upon which a country club is located. One hundred shares of stock of Old Cedar were issued by the corporation. A shareholders' agreement was executed that provides a procedure for the sale of shares, whereby a shareholder is required first to offer the shares to the corporation and other shareholders before accepting a higher purchase offer from a nonshareholder. The shareholders' agreement provided that, if neither the corporation nor the other shareholders matched the pending purchase offer, the shareholder seeking to sell could accept the pending offer. In 1987 the defendant shareholder Jamshid Lavi sold three shares to Nourollah Sassouni. In 1990 Lavi sold another share to Nourollah Sassouni. In 1988 the defendant shareholders Harvey R. Manes and Barbara Manes (hereinafter together the Maneses) attempted to sell their 5.5 shares by selling 4.5 shares to Lavi and 1 share to Nejatolah Sassouni. The sale to Lavi was never consummated, and the existing shareholders of Old Cedar decided to permit the Maneses to auction 3 of those 4.5 shares to the highest bidder. An auction was conducted, but the winning bidder never received those shares. The winning bidder commenced an action for specific performance of the agreement to sell him the three shares, but that action was ultimately unsuccessful (see *Lavi v Old Cedar Dev. Corp.*, 19 AD3d 372 [2005]).

In 1999 the Maneses received an offer from nonshareholders David Rafiy and Sandra Rafiy-Layne to purchase their remaining 4.5 shares. In accordance with the shareholders' agreement, the Maneses first offered the shares to the corporation and existing shareholders. No shareholder matched the offer made by the two nonshareholders, and the Maneses consequently sold the shares to the defendants David Rafiy and Sandra Rafiy-Layne. In 2001, noting shareholder confusion over the effect and validity of the Maneses' transaction with Nejatolah Sassouni, Harvey R. Manes offered the one share that was the subject of that transaction for sale to the corporation and existing shareholders. The plaintiff, who was already a shareholder of Old Cedar, accepted the offer, but no further action was taken in relation to the proposed sale.

On or about September 13, 2002, the plaintiff commenced this action challenging the validity of the sales of shares to David Rafiy and Sandra Rafiy-Layne, and seeking a judgment declaring, inter alia, that one share was duly offered to him for sale by Harvey R. Manes in 2001. The plaintiff asserted that he duly accepted the offer, and that he is entitled to possession of the share upon payment. A separate cause of action sought

specific performance of the purchase and sales agreement. The plaintiff further asserted a cause of action against M. Pierre Rafiy and Nejatolah Sassouni, alleging violations of the Business Corporation Law and their fiduciary duties as officers and directors of Old Cedar. The plaintiff also sought a judgment declaring that the Maneses' 1999 sale of 4.5 shares of Old Cedar stock to David Rafiy and Sandra Rafiy-Layne is invalid, and sought, on behalf of Old Cedar, to impose a constructive trust on the shares purchased by the defendant Nourollah Soussani in 1987 and 1990.

Nourollah Sassouni moved for summary judgment dismissing, as time-barred, the cause of action challenging his purchase of shares from Lavi in 1987 and 1990. In that cause of action, the plaintiff, purportedly on behalf of Old Cedar, sought the imposition of a constructive trust upon those shares. The defendants M. Pierre Rafiy, Nejatolah Sassouni, David Rafiy, and Sandra Rafiy-Layne (hereinafter collectively the Rafiy defendants) separately moved for summary judgment, in effect, declaring that the plaintiff did not validly accept an offer from Harvey R. Manes to purchase one share of Old Cedar stock, declaring that the sale in 1999 of 4.5 shares of Old Cedar stock by the Maneses to David Rafiy and Sandra Rafiy-Layne is valid, dismissing, as time-barred, so much of the first cause of action in the amended complaint as alleged that the Maneses and Nejatolah Soussani failed to comply with the terms of the shareholders' agreement in consummating the 1988 sale of one share, dismissing the second cause of action in the amended complaint insofar as asserted against M. Pierre Rafiy and Nejatolah Sassouni, and dismissing so much of the fourth cause of action in the amended complaint as sought to recover damages for unjust enrichment against M. Pierre Rafiy, and for a permanent injunction against M. Pierre Rafiy, David Rafiy, and Sandra Rafiy-Layne. The Supreme Court granted the motion of Nourollah Sassouni and denied the Rafiy defendants' separate motion. The Rafiy defendants appeal from so much of the order as denied their motion and the plaintiff separately appeals from so much of the order as granted Nourollah Sassouni's motion. The trial was stayed pending determination of the appeals. We modify the order.

The Supreme Court properly granted the motion of Nourollah Sassouni for summary judgment dismissing, as time-barred, the cause of action seeking to impose a constructive trust upon the four Old Cedar shares in his possession. The challenged transactions occurred in 1987 and 1990. On a previous appeal, this Court determined that the Supreme Court erred in granting

Nourollah Sassouni's motion to dismiss that cause of action as time-barred pursuant to CPLR 3211 (a) (5), reasoning that Nourollah Sassouni failed to demonstrate that he should not be equitably estopped from asserting the statute of limitations as a defense (*see Javaheri v Old Cedar Dev. Corp.*, 22 AD3d 804 [2005]). Accordingly, we expressly reinstated that cause of action. The evidence submitted by Nourollah Soussani on the motion before us on this appeal, however, established that his transactions with Lavi were not kept secret from the other shareholders, but were discussed both at a shareholder meeting which the plaintiff attended, and in letters sent to the plaintiff. Moreover, Nourollah Sassouni proffered evidence that he received distribution checks, signed by the plaintiff, which reflected Nourollah Soussani's ownership of the disputed shares. Accordingly, on his motion for summary judgment, Nourollah Sassouni established that he should not be equitably estopped from asserting the statute of limitations as a defense. In opposition, the plaintiff failed to raise a triable issue of fact as to whether any action or representation on the part of Nourollah Sassouni induced him to forego the timely commencement of an action to challenge the transactions (*see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552 [2006]; *Zumpano v Quinn*, 6 NY3d 666, 673-674 [2006]).

The Supreme Court erred, however, in denying those branches of the Rafiy defendants' motion which were for summary judgment, in effect, declaring that the plaintiff did not validly accept an offer by Harvey R. Manes to purchase one share of Old Cedar stock, and dismissing so much of the fourth cause of action in the amended complaint as was to recover damages for unjust enrichment against M. Pierre Rafiy and for a permanent injunction against M. Pierre Rafiy, David Rafiy, Sandra Rafiy-Layne. Contrary to the plaintiff's contention, the evidence submitted on the motion established that the Maneses' 1988 sale of one share of Old Cedar stock to Nejatolah Sassouni was consummated by payment of the purchase price and transfer of the stock certificate. Insofar as the first cause of action for declaratory relief asserts that the Maneses and Nejatolah Soussani failed to comply with the shareholders' agreement in consummating that sale, the cause of action is untimely (*see* CPLR 213), and the plaintiff failed to raise a triable issue of fact as to whether equitable estoppel applies (*see Pahlad v Brustman*, 8 NY3d 901 [2007]; *Zumpano v Quinn*, 6 NY3d at 673-674). Although so much of the first cause of action as sought a determination of the plaintiff's rights pursuant to his purported 2001 acceptance of the offer made by Harvey R. Manes to sell one share is timely, that share was owned by Nejatolah Sassouni at

the time of the offer and, thus, the offer was not valid and the plaintiff obtained no rights by accepting it. Consequently, the plaintiff is not entitled to ownership of that share by virtue of his acceptance of that invalid offer. Accordingly, the Supreme Court should have awarded the Rafiy defendants summary judgment declaring that the plaintiff did not validly accept the 2001 offer by Harvey R. Manes to purchase the share of stock.

The statute of limitations applicable to the second cause of action in the amended complaint is six years (*see* CPLR 213 [7]; *Toscano v Toscano*, 285 AD2d 590, 591 [2001]; *Rupert v Tigue*, 259 AD2d 946, 946-947 [1999]). Accordingly, allegations related to conduct and events occurring more than six years prior to commencement of this action are untimely. Further, allegations challenging the Maneses' proper sale of 4.5 Old Cedar shares to David Rafiy and Sandra Rafiy-Layne are without merit as a matter of law (*see Gallagher v Lambert*, 74 NY2d 562, 567 [1989]). However, the second cause of action also timely alleges breaches of duty by M. Pierre Rafiy and Nejatolah Sassouni unrelated to that sale. In support of their motion, the Rafiy defendants failed to address these additional allegations, necessitating denial of this branch of their motion, regardless of the sufficiency of the opposition papers (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of the Rafiy defendants' motion which was for summary judgment dismissing so much of the second cause of action in the amended complaint as was unrelated to the 1999 sale of the 4.5 shares to David Rafiy and Sandra Rafiy-Layne insofar as asserted against M. Pierre Rafiy and Nejatolah Soussani.

As to the fourth cause of action in the amended complaint, the Rafiy defendants made a prima facie showing that the Maneses' sale of 4.5 shares to David Rafiy and Sandra Rafiy-Layne was effected in accordance with the shareholders' agreement, and was supported by consideration. In opposition, the plaintiff failed to raise a triable issue of fact. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to raise a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see Pandey v Parikh*, 57 AD3d 634, 635 [2008]; *Re-Max Classic Realty, Inc. v Berger*, 25 AD3d 680, 681 [2006]). Further, the unsuccessful action for specific performance of an earlier agreement to purchase three of the shares ultimately purchased by these defendants (*see Lavi v Old Cedar Dev. Corp.*, 19 AD3d 372 [2005]) does not affect the validity of the sale. Accordingly, the Supreme Court

should have awarded the Rafiy defendants summary judgment dismissing so much of the fourth cause of action as was to recover damages for unjust enrichment against M. Pierre Rafiy and for a permanent injunction insofar as asserted against M. Pierre Rafiy, David Rafiy, and Sandra Rafiy-Layne, and declaring that the Maneses' 1999 sale of 4.5 Old Cedar shares to David Rafiy and Sandra Rafiy-Layne is valid.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff did not validly accept an offer to purchase one share of Old Cedar stock from Harvey R. Manes in 2001 and that the 1999 sale of 4.5 shares of Old Cedar stock by the Maneses to David Rafiy and Sandra Rafiy-Layne is valid (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Covello, Eng and Chambers, JJ., concur.