■ PATRICIA C. DINEEN, Individually and as a Shareholder in the Right of APPLESEED VENTURES, INC., Appellant, v BARBARA J. WILKENS et al., Respondents. [64 NYS3d 56]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated December 21, 2016, as (1) granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1), (5), and (7) to dismiss the first, third, fourth, fifth, and sixth causes of action insofar as asserted against the defendants P. Daniel Hollis III and Shamberg Marwell Hollis Andreycak & Laidlaw, P.C., and (2) denied her cross motion pursuant to CPLR 602 to consolidate this action with a consolidated action and proceedings entitled *Dineen v Pratt*, pending in the Supreme Court, Westchester County, under index No. 62053/15, and, upon consolidation, to disqualify the defendants P. Daniel Hollis III and Shamberg Marwell Hollis Andreycak & Laidlaw, P.C., from representing the defendants in the consolidated actions and proceedings.

Ordered that the order is affirmed insofar as appealed from, with costs.

This litigation arises out of a dispute among family members regarding ownership and control of Wilkens Farm (hereinafter the farm), a large family-owned farm located in Yorktown Heights, New York. The farm contains two parcels of land, one consisting of approximately 105 acres and the other consisting of approximately 76 acres. In 1988, the owner, John F. Wilkens (hereinafter John Wilkens), transferred the larger parcel to the Wilkens Family Farm, Inc., a corporation in which his children and some of their spouses were shareholders. In 1995, John Wilkens's two daughters, Patricia C. Dineen and Barbara Pratt, formed Appleseed Ventures, Inc. (hereinafter Appleseed), for the purposes of operating and managing the farm. Dineen and Pratt each owned a 50% share of Appleseed. John Wilkens leased the 76-acre parcel to Dineen and Pratt, who then assigned the lease to Appleseed. Sometime thereafter, the lease to the 105-acre parcel was also assigned to Appleseed.

A testamentary trust (hereinafter the trust) created under John Wilkens's will governed the distribution of the farm after his death. The 76-acre parcel was placed in the trust, and John Wilkens's wife, Barbara J. Wilkens (hereinafter Barbara Wilkens), was named as a life estate beneficiary. Pratt was named the sole trustee of the trust, with the discretion to terminate the trust and to distribute it to her mother, Barbara Wilkens, the sole income beneficiary. Furthermore, John Wilkens's will provided that Barbara Wilkens could exercise a power of appointment under her own will and bequeath the 76-acre parcel to one or more of her children.

John Wilkens passed away in 1997. In May 2011, Pratt and her husband, an attorney, formed White Hill Orchards, Inc. (hereinafter White Hill), after which the trust leased the 76-acre parcel to White Hill for the purpose of operating the farm. In 2011, Barbara Wilkens exercised the power of appointment under her will and bequeathed the 76-acre parcel to Pratt. Shortly thereafter, Dineen commenced a shareholder's derivative action in the Supreme Court, Westchester County, against Pratt, Pratt's husband, and White Hill, which was later discontinued. In 2014, Dineen commenced two proceedings in the Surrogate's Court, Westchester County, seeking a compulsory accounting of the trust and to remove Pratt as trustee of the trust. In 2015, Pratt terminated the trust and distributed its assets, including the 76-acre parcel, to Barbara Wilkens, who subsequently waived a formal accounting of the trust. In August 2016, Dineen commenced this action against Barbara Wilkens and Pratt's attorneys, Daniel Hollis III and Shamberg Marwell Hollis Andreycak & Laidlaw, P.C. (hereinafter together

the Shamberg attorneys). As is relevant to this appeal, the Supreme Court granted those branches of the defendants' motion which were to dismiss, pursuant to CPLR 3211 (a) (7), all the causes of action insofar as asserted against the Shamberg attorneys. Dineen appeals.

The Supreme Court properly granted those branches of the defendants' motion which were to dismiss the first cause of action, alleging fraudulent conveyances, and the fifth cause of action, alleging aiding and abetting fraudulent conveyances, insofar as asserted against the Shamberg attorneys. The complaint failed to plead with particularity that the Shamberg attorneys engaged in any fraudulent conveyance (*see* CPLR 3016 [b]; *Swartz v Swartz*, 145 AD3d 818, 827 [2016]). Further, with regard to the allegation that they aided and abetted a fraudulent conveyance, there is no such cause of action against one who is alleged merely to have assisted in effecting a transfer in a professional capacity (*see BBCN Bank v 12th Ave. Rest. Group Inc.*, 150 AD3d 623 [2017]).

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the fourth cause of action to recover damages for breach of a fiduciary duty insofar as asserted against the Shamberg attorneys. A cause of action to recover damages for breach of fiduciary duty must be pleaded with particularity (*see* CPLR 3016 [b]). The elements of that cause of action are (1) the existence of a fiduciary duty, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (*see Saul v Cahan*, 153 AD3d 947 [2017]). Dineen alleges only that Pratt—who is not a defendant in this action—not the Shamberg attorneys, breached fiduciary duties owed to Appleseed. Similarly, the court properly directed dismissal of the sixth cause of action, which alleges the aiding and abetting of a breach of fiduciary duty, for failure to state a cause of action. " 'A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that [the] plaintiff suffered damage[s] as a result of the breach' " (*Tri-Star Light. Corp. v Goldstein*, 151 AD3d 1102, 1107 [2017], quoting *Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). Here, the allegations that the Shamberg attorneys aided and abetted Pratt in breaching certain fiduciary duties are conclusory and fail to allege facts from which it could be inferred that the Shamberg attorneys participated in any such conduct.

Finally, the Supreme Court properly directed dismissal of the third cause of action sounding in legal malpractice, as it

failed to allege any acts or omissions by the Shamberg attorneys that would support such a claim (see Rhodes v Honigman, 131 AD3d 1151 [2015]).

Dineen's remaining contentions are without merit. Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.