■ PATRICIA C. DINEEN, Individually and as a Shareholder in the Right of APPLESEED VENTURES, INC., Appellant, v BARBARA J. PRATT et al., Respondents. [63 NYS3d 466]—In a consolidated action and proceedings, inter alia, to recover damages for legal malpractice and to compel a trust accounting, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated January 5, 2017, which granted the motion of the defendant Barbara J. Pratt to dismiss so much of the consolidated action and proceedings as sought to compel an accounting of a testamentary trust created under the last will and testament of John F. Wilkens and to remove her as the trustee of that testamentary trust, and granted the motion of the defendant Randall Pratt for summary judgment dismissing the cause of action to recover damages for legal malpractice.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The facts of this case are set forth in this Court's decision and order in a related appeal (see *Dineen v Wilkens*, 155 AD3d 607 [2017] [decided herewith]).

The Supreme Court properly granted the motion of the defendant Barbara J. Pratt to dismiss so much of this consolidated action and proceedings as sought to compel an accounting of a testamentary trust created under the last will and testament of John F. Wilkens and to remove her as the trustee of that testamentary trust. The trust has been terminated and all of the assets of the trust were distributed to Barbara J. Wilkens, the sole beneficiary of the trust. Therefore, Patricia C. Dineen lacked standing to compel an involuntary accounting of the trust, as she had no interest in it (see SCPA 2205 [1] [b]). Furthermore, since the trust had been terminated, Pratt was no longer the trustee of the trust, and any attempt to remove her as trustee was rendered academic.

Regarding the motion of the defendant Randall Pratt, "[a] defendant moving for summary judgment in a legal malpractice action on the ground that it is untimely must make a prima facie showing that the malpractice action was commenced more than three years after the date on which the cause of action ac-

crued" (*Farage v Ehrenberg*, 124 AD3d 159, 164 [2014]). "If the defendant [does] make[ ] [such] a prima facie showing, the burden then shifts to the plaintiff to raise . . . triable issue[s] of fact" (*id.* at 165). Here, Dineen alleged that Pratt performed legal services which were completed as of September 2, 2011. Pratt satisfied his initial burden of demonstrating, prima facie, that the cause of action alleging legal malpractice against him was untimely, as this action and consolidated proceedings was commenced in July 2015. In opposition, Dineen failed to raise a triable issue of fact (*see Tantleff v Kestenbaum & Mark*, 131 AD3d 955 [2015]). Contrary to Dineen's contention, the parties' stipulation in a prior shareholder's derivative action that the statute of limitations would not be asserted as a defense to any claims or counterclaims was limited to claims or counterclaims asserted in the Surrogate's Court.

Dineen's remaining contentions are without merit. Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.