Kwang Bok Yi v Open Karaoke Corp. (2018 NY Slip Op 03520)





Kwang Bok Yi v Open Karaoke Corp.


2018 NY Slip Op 03520


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-11486
 (Index No. 51789/14)

[*1]Kwang Bok Yi, appellant, 
v
Open Karaoke Corp., et al., defendants, Norae Hahnun Jib, Corp., et al., respondents.


Kwang Bok Yi, Bronxville, NY, appellant pro se.
Russo & Toner, LLP, New York, NY (Marcin J. Kurzatkowski of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated October 7, 2016, which granted that branch of the motion of the defendants Norae Hahnun Jib, Corp., and Dong Hyun Ha which was for summary judgment dismissing the complaint insofar as asserted against them and, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendants Open Karaoke Corp., 162 D & Y Corp., and Yong Ae Ha.
ORDERED that the appeal from so much of the order as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendants Open Karaoke Corp., 162 D & Y Corp., and Yong Ae Ha is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and leave to appeal from that portion of the order has not been granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The underlying facts in this case are set forth in the companion appeal (see Kwang Bok Yi v Open Karaoke Corp., ____ AD3d ____ [Appellate Division Docket No. 2015-01836; decided herewith]). Insofar as is relevant on this appeal, on February 7, 2011, the plaintiff was a patron at a karaoke bar operated by the defendant Norae Hahnun Jib, Corp. (hereinafter Norae), and co-owned by the defendant Dong Hyun Ha (hereinafter Dong), when he allegedly was attacked without provocation by an employee of the bar and sustained personal injuries. In his verified complaint, the plaintiff asserted a negligent hiring and retention cause of action and a cause of action based on 42 USC § 1983. Following discovery, Norae and Dong (hereinafter together the Norae defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion, and the Supreme Court granted that branch of the motion.
To hold a party liable under theories of negligent hiring, negligent retention, or [*2]negligent supervision, a plaintiff must establish that the party knew or should have known that the employee had violent propensities, or a propensity for the conduct which caused the plaintiff's alleged injuries (see Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015-1016; DeJesus v DeJesus, 132 AD3d 721, 722). Here, the Norae defendants established their prima facie entitlement to judgment as a matter of law on the negligent hiring and retention cause of action. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325). Accordingly, the Supreme Court properly granted that branch of the Norae defendants' motion which was for summary judgment dismissing that cause of action insofar as asserted against them.
"The essential elements of the cause of action are conduct committed by a person acting under color of state law, which deprived the plaintiff of rights, privileges, or immunities secured . . . by the Constitution or laws of the United States" (Maio v Kralik, 70 AD3d 1, 11-12 [internal quotation marks omitted]; see 42 USC § 1983; DiPalma v Phelan, 81 NY2d 754, 756). The Norae defendants also established their prima facie entitlement to judgment as a matter of law on the cause of action based on 42 USC § 1983. In opposition, the plaintiff failed to raise a triable issue of fact as to whether his arrest and ensuing criminal charges resulted from any action of the Norae defendants under color of state law on February 7, 2011 (see Alvarez v Prospect Hosp., 68 NY2d at 324-325). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to withstand summary judgment (Zuckerman v City of New York, 49 NY2d 557, 562; Javaheri v Old Cedar Dev. Corp., 84 AD3d 881, 887 [internal quotation marks omitted]). Accordingly, the Supreme Court properly granted that branch of the Norae defendants' motion which was for summary judgment dismissing that cause of action insofar as asserted against them.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court