Celauro v Celauro (2025 NY Slip Op 04870)

Celauro v Celauro

2025 NY Slip Op 04870

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-06494
 (Index No. 517656/20)

[*1]Nathan J. Celauro, etc., appellant,
vRoseann Celauro, etc., et al., respondents.

Robert & Robert, PLLC, Uniondale, NY (Clifford S. Robert and Michael Farina of counsel), for appellant.
Stein Adler Dabah & Zelkowitz LLP (Adam J. Stein, Matteo J. Rosselli, and Nutter McClennen & Fish LLP, New York, NY [Christopher J. Sullivan], of counsel), for respondents.

DECISION & ORDER
In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty and conversion of corporate assets, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 4, 2021. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint and pursuant to 22 NYCRR 216.1 to seal certain documents and filings to the extent of sealing certain financial statements and directed a hearing to determine those branches of the defendants' motion which were to hold the plaintiff in civil contempt and to impose sanctions upon the plaintiff.
ORDERED that the appeal from so much of the order as directed a hearing to determine those branches of the defendants' motion which were to hold the plaintiff in civil contempt and to impose sanctions upon the plaintiff is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from so much of the order as directed a hearing to determine those branches of the defendants' motion which were to hold the plaintiff in civil contempt and to impose sanctions upon the plaintiff must be dismissed because "no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion" (Matter of Chain Trust, 220 AD3d 770, 770 [internal quotation marks omitted]; see CPLR 5701[a]), and leave to appeal has not been granted.
On September 21, 2020, the plaintiff commenced this action alleging that the defendants breached fiduciary duties owed to shareholders by improperly accepting cash payments on behalf of the nominal defendant 4C Foods Corp. (hereinafter 4C Foods), by failing to report those cash payments as income on their income tax returns, and by diverting those cash payments to executives of 4C Foods, thus depriving shareholders of 4C Foods, including the plaintiff, of their [*2]rightful shareholder dividends and distributions.
In a pre-answer motion, the defendants moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint, pursuant to 22 NYCRR 216.1 to seal certain documents and filings, to hold the plaintiff in civil contempt for violating a so-ordered confidentiality stipulation dated July 10, 2006 (hereinafter the confidentiality order), and to impose sanctions upon the plaintiff for violating the confidentiality order. The plaintiff opposed the motion. In an order dated August 4, 2021, the Supreme Court, among other things, granted dismissal of the complaint as time-barred and for failure to state a cause of action, granted that branch of the defendants' motion which was to seal certain documents and filings to the extent of sealing certain financial statements of 4C Foods, and directed a hearing to determine those branches of the defendants' motion which were to hold the plaintiff in civil contempt and to impose sanctions upon the plaintiff. The plaintiff appeals.
"In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations period, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired. If the defendant meets this initial burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (Lambro Indus., Inc. v Gilbert, 233 AD3d 765, 766 [internal quotation marks omitted]; see Statharos v Statharos, 219 AD3d 651, 652).
Here, the Supreme Court properly granted dismissal of so much of the complaint as was predicated on allegations of wrongdoing that occurred more than six years before the commencement of this action (see CPLR 213[7]; North Fork Preserve, Inc. v Kaplan, 31 AD3d 403; Matter of Skorr v Skorr Steel Co., Inc., 29 AD3d 594; see also Brash v Richards, 195 AD3d 582).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Jesberger v CVS Health Solutions, LLC, 222 AD3d 849, 849 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87). Further, "where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Matter of Chet's Garage, Inc. v Village of Goshen, 161 AD3d 727, 731; see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Barouh v Law Offs. of Jason L. Abelove, 131 AD3d 988, 989-990).
"The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Celauro v 4C Foods Corp., 187 AD3d 836, 837; see Dineen v Wilkens, 155 AD3d 607, 609). Additionally, as this action involves allegations of breach of fiduciary duty, "the complaint is subject to the more stringent pleading requirements mandated by CPLR 3016(b)" (Tsutsui v Barasch, 67 AD3d 896, 898; see Dineen v Wilkens, 155 AD3d at 609). "CPLR 3016(b) is satisfied when the facts suffice to permit a 'reasonable inference' of the alleged misconduct" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559, quoting Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492).
Here, affording the plaintiff the benefit of every possible favorable inference, the allegations of wrongdoing within the limitations period "are based on speculation and conjecture and thus, are insufficient to permit a reasonable inference of the alleged misconduct" (Clevenger v Yuzek, 222 AD3d 931, 935 [internal quotation marks omitted]; see CPLR 3016[a]; 3211[a][7]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559; Dineen v Wilkens, 155 AD3d at 609).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in sealing certain portions of the record (see 22 NYCRR 216.1; Mancheski v Gabelli Group Capital Partners, 39 AD3d 499).
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court